McDONALD et al. v. COHEN, Marshal.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

ATTACHMENT—GROUNDS—FRAUDULENT TRANSFER.
    The transfer of property by a debtor, even if fraudulent as to his creditors, does not authorize the creditors to seize other property of the transferee, on attachments against the debtor.

Appeal from trial term.

Action by William F. McDonald and others against Solomon Cohen, as marshal. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

The complaint alleges that the plaintiffs are co-partners and the defendant a marshal of the city of New York, that the former was the owner and in possession of furniture to the amount of $500, and that on the 18th of July, 1891, the defendant wrongfully became possessed of such furniture, and refused to return it to the plaintiffs upon demand. The answer denies all the material allegations of the complaint, and, for a separate defense, sets forth that, in an action brought by one Louis Boniface against James McDonald, an attachment was issued against the property of McDonald to the defendant as marshal, and that by virtue thereof he levied upon this property, belonging to the said James McDonald. The evidence shows that James McDonald, against whom the attachment was issued, and under which the defendant levied upon the furniture, was the father of these plaintiffs, and that prior to October, 1890, he was engaged in carrying on the furniture and auction business at No. 79 Nassau street and on Jersey City Heights, having as clerks in his employ, upon a salary, these plaintiffs; that at about the date mentioned the father left for Europe, after having given a bill of sale of the factory and furniture business to the plaintiffs, and of the auction business to another son, Samuel; and that thereafter the plaintiffs went into possession of the store in Nassau street and the factory in Jersey City Heights, and continued the business in their own name. It was shown that, at the time of the transfer of the business and factory to plaintiffs, James McDonald was indebted to various persons, and that the consideration of such transfer was an agreement upon the part of plaintiffs that they would satisfy and discharge such indebtedness. Of the goods which they thus obtained, some were sent to fill orders forwarded from Europe by the father, and other portions were sold here, and, after deducting from the proceeds sufficient for living expenses, the balance was applied to the payment of the father's debts.

It appeared, further, that the plaintiffs, in addition to the property originally received from the father, continued to manufacture goods at Jersey City Heights, and send them to Nassau street for sale, and that the desks seized by the defendant were some of the goods so manufactured.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Abram Kling, for appellant.

Thomas Darlington, for respondents.

O'BRIEN, J.  The appellant contends that the transfer by McDonald of all his property to his sons, at a time when he was largely indebted to his creditors, upon an agreement that they would pay his indebtedness, and not apply any of the proceeds to their own use until the obligations of the father were settled, was evidence of a transfer with intent to hinder and delay creditors, and prevent them from collecting their debts; and that, it being shown that there were creditors who were not paid by plaintiffs, the bill of sale was void as to such unsecured creditors.

Our reading of the record renders it entirely unnecessary to discuss this question, because we think it is abundantly shown that the property taken by the defendant was no portion of the original property transferred by the judgment debtor, but was property which, long subsequent to such transfer, was made in the factory, and taken to plaintiff's place of business for sale.  Thus it is shown that the transfer was made in October, 1890; that thereafter the plaintiffs entered into possession, and continued in possession for some months, selling the property, and applying the proceeds, as they had agreed, to the payment of their father's debts, and filling such orders as he sent from Europe; so that, when the seizure was made in July, 1891, they had, out of the proceeds of the property, fully paid the consideration agreed to be paid.  In addition, they had continued, on their own account, to manufacture desks at the Jersey City factory, which were brought from that place to the Nassau street store; and the uncontradicted evidence in the case is that it was property answering this description, subsequently manufactured by the plaintiffs, and forming no part of the original property transferred to them by the father, that was seized by the defendant. The latter presented no evidence to justify his levy upon such property, and at the close of the case the trial judge would have been justified in directing a verdict for the plaintiffs, leaving to the jury an assessment of the value of the property so wrongfully taken.

As no complaint is made to the charge upon the question of damages, and as the amount awarded was much less than the jury might have given, the verdict should not be disturbed.

Judgment affirmed, with costs.  All concur.