Argued 5 November, decided 11 December, 1906.
### HARVEY v. LIDVALL.
87 Pac. 895.

TROVER—SUFFICIENCY OF COMPLAINT.

1. In trover, a complaint, alleging that plaintiff was the owner and in possession of the property and entitled to such possession at the time of the conversion, is sufficient, and an additional allegation that the possession was as a mortgagee does not render the complaint objectionable on the ground that it states a mere conclusion. It is not necessary to set out the mortgage either in *haec verba*, or in substance or legal effect.

TROVER—EFFECT OF POSSESSION BY PLAINTIFF.

2. In trover a showing of possession by the plaintiff establishes his case against a motion for an involuntary nonsuit.

From Umatilla: WILLIAM R. ELLIS, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action of trover by M. M. Harvey against Victor Lidvall. It is alleged in the complaint that on the ———— day of November, or the ———— day of December, 1903, plaintiff was the special owner as mortgagee, and at the same time was mortgagee in possession, and entitled to the possession, of a three-fourths interest in and to a certain crop of grain grown and harvested during the season of 1903, from the southeast quarter of section 29, township 3 N., range 31 E. W. M.; that said grain was in the form of headings stacked upon the land described and in the possession of an agent of the plaintiff in process of foreclosure; that it amounted to 24 tons of the reasonable value of $12 per ton or $288 in the aggregate; that at said time and place the defendant wrongfully and without authority entered upon said premises, and took possession of all said headings and converted the same to his own use to plaintiff's damage in the sum of $288, the value thereof, and $100 special damages. The answer denies the allegations of the complaint and affirmatively alleges that, at all the times mentioned, defendant was the owner of the grain described

therein. The plaintiff filed a reply, setting up in detail the execution of the mortgage under which she claims, alleged a breach of the conditions thereof, and that for the purpose of foreclosure she entered into possession of the mortgaged property and, during the process of such foreclosure, the defendant wrongfully and unlawfully took possession thereof, and converted it to his own use.

To sustain the issues on her part the plaintiff produced a chattel mortgage from one John Thomas to her covering among other property, an undivided three-fourths interest in a crop of grain to be grown during the season of 1903 on the southwest quarter of section 29, township 3 N., range 31 E. W. M., and offered to show that the mortgage was intended by the parties thereto to cover the grain to be grown on the southeast quarter of such section, but by mistake the land was misdescribed therein; that the defendant who was the owner of the real estate described in the complaint, was familiar with all the transactions out of which the mortgage arose, and knew that it was intended to cover the grain to be grown on such property; that he was not only present and observed the harvesting of the grain, but that he had divided the same in accordance with the terms of his lease to the mortgagor, and had taken possession of his share; that the grain in controversy was taken possession of by the mortgagee plaintiff under the terms of the mortgage at a time when defendant and all parties recognized and believed that the mortgage described the property intended to be included therein; and that she became a mortgagee in possession before the error in the description was discovered. This offer was refused, the evidence excluded and the plaintiff nonsuited.                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Stephen Arthur Lowell.*

For respondent there was a brief over the name of *Winter & Collier,* with an oral argument by *Mr. John Peter Winter.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. To support the ruling of the trial court it is contended

that the complaint does not state facts sufficient to constitute a cause of action because the mortgage, under which plaintiff claims, is not set out in the complaint, either *in haec verba,* or in substance, or legal effect. It has been held that, in an action by a mortgagee after condition broken, to recover possession of the mortgaged property, or in trover for its wrongful conversion, it is sufficient for plaintiff to allege generally that he is the owner and entitled to the possession, without setting out the source of his title: *Reinstein* v. *Roberts,* 34 Or. 87 (55 Pac. 90, 75 Am. St. Rep. 564); *Mayes* v. *Stephens,* 38 Or. 512 (63 Pac. 760, 64 Pac. 319). And we think the complaint, in the case at bar, comes within this rule. It is alleged that plaintiff was the owner and in possession of the property in controversy and entitled to such possession at the time of the alleged conversion by the defendant. The averment that her ownership and possession were special and as a morgagee, was unnecessary, but it did not render the complaint objectionable on the ground that it stated mere conclusions of law.

2. It is next contended that the proof offered by the plaintiff was inadmissible because parol evidence is not competent in an action at law for the purpose of showing a misdescription of the property intended to be included in a chattel mortgage. As a general rule, this may be conceded: *Hutton* v. *Arnett,* 51 Ill. 198; *First National Bank* v. *Hendrickson,* 61 Minn. 293 (63 N. W. 725). But the plaintiff offered to go further and show that before the error in the mortgage was discovered she had commenced to foreclose it, and had taken possession of the property intended to be mortgaged, and was in such possession at the time of its alleged conversion by the defendant, and this was sufficient to entitle her to maintain an action of trover therefor against a wrongdoer. "It is very generally recognized," say the editors of the American and English Encyclopedia of Law, "that the possession of chattels, conferring, as it does, title good as against every one but the true owner, will enable the person in possession to maintain trover therefor against a wrongdoer who takes the chattels from his possession and wrongfully converts them, and the wrongdoer cannot

set up the title of the true owner in defense to the action, or even in mitigation of damages:" 28 Am. & Eng. Enc. Law (2 ed.), 674. The complaint alleges, and the plaintiff offered to prove, that she was in possession of the property in controversy at the time it was taken by the defendant, and this was sufficient to make out a *prima facie* case in her favor.

Judgment reversed and remanded for new trial.

REVERSED.

MR. JUSTICE HAILEY, having been of counsel, took no part in the decision.