Argued May 5, reversed May 26, 1914.

# GOODWIN *v.* TUTTLE.

(141 Pac. 1120.)

**Replevin—Pleading—Complaint—"Acquire."**

1. A complaint in replevin by a trustee in bankruptcy alleging that the defendant "acquired" the property from the bankrupt does not plead property in the defendant, since the word "acquired" does not necessarily mean that title has passed.

> [As to necessity and sufficiency of allegation as to ownership or right of possession in actions of replevin, see note in Ann. Cas. 1912A, 333.]

**Replevin—Pleading—Issues and Proof.**

2. In replevin, under an allegation of general ownership, the plaintiff may prove a special property entitling him to possession.

**Pleading—Reply—Departure.**

3. Where the complaint of a trustee in bankruptcy in replevin alleges that plaintiff was the owner of the property, and the answer alleges title in defendant, a reply alleging that defendant had purchased the property in question, a stock of goods in bulk, without compliance with Sections 6069, 6070, L. O. L., requiring the purchaser of a stock of goods in bulk to procure a list of the vendor's creditors, and to notify them of the proposed purchase, does not constitute a departure.

**Bankruptcy—Administration of Estate—Action by Trustee.**

4. Under Bankrupt Law (Act July 1, 1898, c. 541), § 70, 30 Stat. 565 U. S. Comp. Stats. 1901, p. 3451), as amended by Act of February 5, 1903, c. 487, § 16, 32 Stat. 800 (U. S. Comp. Stats. Supp. 1911, p. 1511), providing that the trustee of a bankrupt shall be vested with the title of the bankrupt as of the date he was adjudged a bankrupt to property transferred by him in fraud of his creditors, and may recover the property so transferred or its value from the person to whom it was transferred unless he was a *bona fide* holder for value prior to the adjudication, a trustee in bankruptcy may maintain replevin against a purchaser of a stock of goods from the bankrupt who has failed to comply with Sections 6069, 6070, L. O. L., requiring the purchaser of the stock of goods to procure a list of the vendor's creditors, and to notify them of the proposed purchase, and he is not limited to proceeding by attachment.

> [As to right to jury trial in action by trustee in bankruptcy to recover property fraudulently transferred by bankrupt, see note in Ann. Cas. 1912B, 126.

**Bankruptcy—Administration of Estate—"Bona Fide Holder."**

5. A person who takes possession of a stock of goods in violation of Sections 6069, 6070, L. O. L., requiring notice to creditors, is not a *bona fide* holder within Bankrupt Law (Act of July 1, 1898, c. 541) § 70, 30 Stat. 565 (U. S. Comp. Stats. 1901, p. 3451), authorizing the trustee in bankruptcy to avoid any transfer by the bankrupt which any creditor might have avoided, unless the holder of the property was a *bona fide* holder for value prior to the adjudication.

From Baker: GUSTAV ANDERSON, Judge.

In Banc.    Statement by MR. JUSTICE BURNETT.

This is an action by C. T. Goodwin, as trustee in bankruptcy of the estate of the Co-Operative Trading Company, a corporation, against J. O. Tuttle.

After stating in substance that the Co-Operative Trading Company, a corporation, was duly adjudged a bankrupt in June, 1913, and that the plaintiff at all times mentioned in the pleadings was and now is the duly elected, qualified, and acting trustee in bankruptcy of its estate, the complaint sets out a cause of action in replevin in favor of the plaintiff for what is described as:

"All that certain stock of goods, wares, and merchandise, located at New Bridge, in Baker County, Or., in that certain store building run and operated by the said defendant, and which said stock of goods, wares, and merchandise was acquired from the Co-Operative Trading Company, a corporation, on or about December 31, 1912, and which said defendant has in his possession at said place."

A demand upon the defendant for possession of the property, his refusal, and unlawful and wrongful detention of the same, to the damage of the plaintiff in the sum of $300, are alleged. The value of the property is stated to be $4,000. The answer admits the corporate character of the corporation, its insolvency, the adjudication in bankruptcy, and the trusteeship of the plaintiff. The ownership and right of possession in the plaintiff are denied, as well as the demand and damage. The value of the property is admitted to be $4,000. Further answering, the defendant states a cause of action in replevin in his own favor against the plaintiff, based upon the fact that the latter had taken possession by virtue of the writ

issued in the action. The defendant demands judgment against the plaintiff in the usual form, together with $1,000 damages. Excepting that it admits the value of the property to be $4,000, the reply denies all the allegations of the new matter in the answer. In substance, that pleading further states that the only pretense of title the defendant has is by virtue of the fact that he became possessed of the goods under an attempted sale in bulk by the corporation to himself, without taking from the seller a list of his creditors, or giving notice to the creditors, and that at the time the corporation was indebted to various and sundry persons named in the answer far beyond the value of its estate. From a judgment on a general verdict directed for the defendant, the plaintiff appeals.        REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. Orville B. Mount* and *Mr. C. T. Goodwin,* with an oral argument by *Mr. Mount.*

For respondent there was a brief over the name of *Messrs. Clifford & Correll,* with an oral argument by *Mr. Morton D. Clifford.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The controlling question in this case is whether or not the court erred in refusing to allow the plaintiff to prove in his case in chief the allegations of his reply respecting the bulk sale of the property to the defendant by the corporation, and in directing a verdict for the defendant. The statute affecting such transfers, as it stood at the time of the transaction, is found in Sections 6069, 6070, L. O. L.:

"It shall be the duty of every person who shall bargain for or purchase any stock of goods, wares, or

merchandise in bulk, for cash or on credit, to demand and receive from the vendor thereof, and if the vendor be a corporation then from a managing officer or agent thereof, at least five days before the consummation of such bargain or purchase, and at least five days before paying or delivering to the vendor any part of the purchase price or consideration therefor, or any promissory note or other evidence of indebtedness therefor, a written statement under oath containing the names and addresses of all of the creditors of said vendor, together with the amount of indebtedness due or owing, or to become due or owing, by said vendor to each of such creditors, and if there be no such creditors, a written statement under oath to that effect; and it shall be the duty of such vendor to furnish such statement at least five days before any sale or transfer by him of any stock of goods, wares, or merchandise in bulk'': Section 6069, L. O. L.

''After having received from the vendor the written statement under oath mentioned in section 6069 the vendee shall, at least five days before the consummation of such bargain or purchase, and at least five days before paying or delivering to the vendor any part of the purchase price or consideration therefor, or any promissory note or other evidence of indebtedness for the same, in good faith notify or cause to be notified, personally or by wire or by registered letter, each of the creditors of the vendor named in said statement, of the proposed purchase by him of such stock of goods, wares, or merchandise; and whenever any person shall purchase any stock of goods, wares, or merchandise in bulk, or shall pay the purchase price or any part thereof, or execute or deliver to the vendor thereof or to his order, or to any person for his use, any promissory note or other evidence of indebtedness for said stock, or any part thereof, without having first demanded and received from his vendor the statement under oath as provided in section 6069, and without having also notified or caused to be notified all of the creditors of the vendor named in such statement, as in this section prescribed, such purchase,

sale, or transfer shall, as to any and all creditors of the vendor, be conclusively presumed fraudulent and void'': Section 6070, L. O. L.

Section 70 of the National Bankrupt Law provides:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, * * shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * " to "property transferred by him in fraud of his creditors''; and "property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. * * The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a *bona fide* holder for value. For the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

1. It was argued that, because the property was described as being "acquired" from the Co-Operative Trading Company, the complaint, in effect, pleaded property in the defendant. A fair construction of the complaint, however, taking it by the four corners, does not justify such a conclusion. The word "acquired" is used merely as descriptive of the property, and does not necessarily mean that title had passed to the defendant. A thief may properly be said to have "acquired" the property which he has stolen, and in a certain sense any person taking possession of property may be properly said to have "acquired" it.

2. It was also contended by the defendant that where the plaintiff alleges that he is the absolute and unqualified owner of the property in dispute, which defendant denies, he is required to prove it, and that proof that the plaintiff holds it in trust for another is not enough. Contrary to the single authority cited in support of that point, it has been held in this state in several cases that in replevin under the allegation of general ownership the plaintiff may prove a special property entitling him to possession: *Reinstein* v. *Roberts,* 34 Or. 87 (55 Pac. 90, 75 Am. St. Rep. 564); *Backhaus* v. *Buells,* 43 Or. 558 (72 Pac. 976, 73 Pac. 342); *Culver* v. *Randle,* 45 Or. 491, (78 Pac. 394); *Harvey* v. *Lidvall,* 48 Or. 558 (87 Pac. 895); *Swank* v. *Elwert,* 55 Or. 487 (105 Pac. 901); *Roberson* v. *Ellis,* 58 Or. 219 (114 Pac. 100).

3. Another argument of the defendant was that the new matter in the reply constituted a departure from the complaint. It seems that it was upon this ground that the Circuit Court refused to allow the plaintiff to prove the invalidity of the alleged bulk sale of the property. Under the terms of the national bankrupt law quoted, the trustee by operation of law is vested with the title of all the bankrupt's estate, and is equipped with all the legal remedies for the recovery of the same. Suppose that he had found the property of the bankrupt in the possession of some individual without any claim of title whatever on the part of the holder. No one would claim in such a case that the trustee should be compelled to set up in his complaint the evidence of his own title. It would be sufficient in the first instance for him to allege in the ordinary form his property and right to the immediate possession of the chattels in question. So it is in the first place always where the trustee seeks to recover the

possession of property. It is only when, as in this litigation, the defendant has alleged title in himself that it becomes necessary or even proper for the plaintiff to reinforce his complaint by showing in greater detail the invalidity of the defendant's claim to the property. This is the purpose and effect of the new matter in the reply in the case at bar. It is not a departure from, but rather a fortification of, the complaint, and hence is not open to objection: *Moores* v. *Clackamas County,* 40 Or. 536 (67 Pac. 662); *Cooper* v. *Blair,* 50 Or. 394 (92 Pac. 1074); *Roots* v. *Boring Junction Lbr. Co.,* 50 Or. 298 (92 Pac. 811, 94 Pac. 182); *Pioneer Hdw. Co.* v. *Farrin,* 55 Or. 590 (107 Pac. 456).

4. The principal contention of the defendant is that the property can only be recovered in an action by the trustee as the representative of the creditors upon an attachment of the property. If, in the absence of bankruptcy proceedings, the creditors themselves were seeking to collect their claims, it would indeed be necessary for them to establish their demands by re-covering judgment thereon against the debtor, or at least to attach the property as a basis upon which to subject it to their demands as against its present possessor. It is well settled that creditors have no direct action against one holding the possession of property which might otherwise be subjected to the payment of claims against the debtor, because there is no privity of contract between one in the possession of the property under such circumstances and the creditors seeking to apply it to their claim. So it has been held often in this state that a creditor seeking to subject property to the liquidation of his claims while the goods are in the possession of a third party must previously establish his claim by judgment or acquire

a lien by attachment: *Dawson* v. *Coffey,* 12 Or. 513
(8 Pac. 838); *Dawson* v. *Sims,* 14 Or. 561 (13 Pac.
506); *Matlock* v. *Babb,* 31 Or. 516 (49 Pac. 873);
*Fleischner* v. *Bank of McMinnville,* 36 Or. 553, 562
(54 Pac. 884, 60 Pac. 603, 61 Pac. 345); *Bennett* v.
*Minott,* 28 Or. 339 (39 Pac. 997, 44 Pac. 283).

The controlling proposition in such cases is that,
if one would disturb a transaction which might other-
wise be valid between the immediate parties to it,
he must show his right to intermeddle. This is ac-
complished by establishing in a judicial proceeding
that the former owner of the property was indebted
to the claimant upon an unpaid demand. On behalf
of the trustee the reason of the rule is satisfied in a
bankruptcy proceeding, whereby it has been adjudi-
cated that the debtor is insolvent and unable to pay
his debts. The appointment and qualification of the
trustee in such circumstances complete the demonstra-
tion of the reason, and show that he is entitled to the
possession of the property for the purpose of apply-
ing it to the claims of the creditors. The principle
finds expression in the words of the national statute
which not only vests the title of the bankrupt's prop-
erty in the trustee, but also gives the latter the right
to recover the same from whomsoever has possession
of it, excepting only the purchaser in good faith. The
conjunction of title and the right to possession in one
and the same person, the trustee in such cases, con-
stitute the basis for an action of replevin in his favor.

5. It is conceded that up to December 31, 1912, the
bankrupt was the owner and in possession of the stock
of goods in question. Its ownership continued in the
bankrupt, and finally became vested in the trustee, un-
less that result is prevented by the sale in bulk. Our
statute, however, has spoken on that subject, and has

laid down the rule that such a transfer under the circumstances contained in the offer to prove shall conclusively be presumed fraudulent and void. In other words, such a transaction does not, as against the trustee, affect the title to the property in any way. A person who takes' possession of property in direct violation of the statute on the subject in such cases cannot "be a *bona fide* holder for value prior to the date of the adjudication." It matters not that he gave his note for the same, because our own statute says that whenever any person shall purchase any stock of goods in bulk, or shall pay the purchase price, or any part thereof, or execute or deliver to the vendor thereof, or to his order, or to any persons for his use, any promissory note or other evidence of indebtedness for such stock, or any part thereof, without having first demanded and received from his vendor the statement alluded to in the statute, such purchase, sale, or transfer shall as to any and all creditors of the vendor be conclusively presumed fraudulent and void.

The questions of the ownership or possession of the note or the enforcement of the payment thereof are not before us. Giving the note does not take the sale out of the operation of the statute. We can only give effect to the terms of the act of the legislature respecting the property in question. The plaintiff was entitled to prove the course of the possession of the property from the bankrupt to himself, and the court was in error when it directed a verdict in favor of the defendant.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.