BROWN v. KOSSOVE et al. *

In re PIPAL.

(Circuit Court of Appeals, Eighth Circuit. February 4, 1919.)

No. 5169.

1. COURTS ⊝351½—GROUND FOR DISMISSAL.
   In view of equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv) and Act March 3, 1915 (Comp. St. §§ 1251a–1251c), a suit in equity will not be dismissed because the relief sought is obtainable only by an action at law.

2. APPEAL AND ERROR ⊝361(5)—DISMISSAL—GROUND FOR DISMISSING APPEAL.
   Where a suit against two defendants was on different days dismissed as to each, and the citation signed by the District Judge granting the appeal was directed to both of the defendants and served on both, held, that the appeal will not be dismissed as to the real party in interest, though the decree in his favor was entered first, and through clerical mistake the prayer for appeal did not mention the decree of dismissal in his favor, but only the last one.

3. CONTRACTS ⊝105—VALIDITY—STATUTE.
   Contract or sale expressly forbidden by law, and made a criminal offense, is void, although the statute does not so declare.

4. BANKRUPTCY ⊝185—TRUSTEE—RIGHTS OF—FAILURE TO COMPLY WITH BULK SALES ACT.
   Under Bankruptcy Act July 1, 1898, § 47a(2), as amended by Act June 25, 1910, § 8, and sections 70a(4) and 70e (Comp. St. §§ 9631, 9654), held, that a trustee of a South Dakota bankrupt may maintain an action against a purchaser of a stock of goods from the bankrupt and one to whom the consideration was paid, where the parties did not comply with the Bulk Sales Act of South Dakota.

5. FRAUDULENT CONVEYANCES ⊝47—BULK SALES ACT.
   Although South Dakota "Bulk Sales Act" does not expressly provide that a sale in violation of the act shall be void, but makes the purchaser or person receiving the money a trustee for creditors of the vendor, yet, since section 6 of the act makes violation of the act by the seller a misdemeanor, a sale in willful violation of the act is void, and must be treated as a fraudulent conveyance.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action in equity by James Brown, as trustee in bankruptcy of the estate of Frank E. Pipal, against Max Kossove and Henry A. Schoenberger. From a decree dismissing the complaint, plaintiff appeals. Reversed, with directions to overrule motions to dismiss.

Augustus L. Abbott, of Hartshorne, Okl. (M. E. Culhane, of Brookings, S. D., on the brief), for appellant.

R. W. Parliman, Sr., R. W. Parliman, Jr., and James C. Parliman, all of Sioux Falls, S. D., for appellee Schoenberger.

Before HOOK, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge. This is an action in equity by the appellant, as trustee in bankruptcy of the estate of Frank E. Pipal, to recover from the defendants the purchase money due by reason of

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied March 25, 1919.

the sale in bulk by the bankrupt on November 2, 1915, to the defendant Kossove of his entire stock of merchandise and store fixtures, in his store, where he was engaged in carrying on a mercantile business. The allegations in the complaint are that, on November 17, 1915, an involuntary petition was filed against the said Pipal, and on December 21, 1915, he was duly adjudicated a bankrupt. That $2,500 of the purchase money agreed to be paid was paid to the defendant Schoenberger, who aided in the sale, and had full knowledge of its illegality. The illegality charged is that neither of the parties, the vendor, purchaser, or Schoenberger, notified any of the creditors of the bankrupt, Pipal, either by personal notice or by registered mail, of the making of the sale in bulk of all the merchandise and fixtures of Pipal, as required by the laws of the state of South Dakota. It is further charged that at the time of the sale the bankrupt was indebted to his creditors in a sum exceeding $8,000, and that the assets of his bankrupt estate, which have come into the hands of his trustee, do not exceed in value the sum of $3,000.

The defendants filed separate answers and also motions to dismiss, alleging as grounds that the plaintiff had no right to maintain this action under the statutes of South Dakota, but that the individual creditors alone can maintain it, and also that, if the action be tried, it be transferred to the law side of the court. On October 8, 1917, the motion to dismiss, filed by the defendant Schoenberger, was sustained, and a final decree dismissing the complaint entered. A like decree was made as to the defendant Kossove on October 17, 1917, and entered of record on that day. The memorandum filed by the learned trial judge, sustaining the motions to dismiss, shows that he based his conclusions on the ground that, as after the sale no interest whatever remained in the bankrupt, neither in the property itself nor the purchase price, the right of action, if there was any, was in his creditors.

[1] The learned trial judge also indicated that the right of the creditors could only be enforced at law, but as that would be no cause for dismissal under equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv) and Act March 3, 1915, c. 90, 38 Stat. 956 (Comp. St. §§ 1251a–1251c), we need not discuss that phase of the memorandum opinion.

[2] In behalf of the appellee Schoenberger, the court is asked to dismiss the appeal as to him, upon the ground that the prayer for the appeal is from the decree entered on October 17, 1917, the day the decree dismissing the complaint against the defendant Kossove was entered, while the decree in favor of the appellee Schoenberger was entered on October 8, 1917. But the citation signed by the District Judge, who granted the appeal, was directed to both appellees and was served on both.

The statement in the petition for appeal, mentioning only October 17 as the date of the decree, was clearly a clerical error, which would not justify us to dismiss the appeal. That it is such a clerical mistake is shown conclusively by the fact that the citation is addressed to and was served on both appellees, and the money, sought to be recovered by this action, is in the hands of the defendant Schoenberger, and he

is the only appellee who appeared in this court; the appellee Kossove having filed no brief, nor entered an appearance in this court, although served with the citation.

[3-5] The action is based on the provisions of the "Bulk Sales Act" of South Dakota (chapter 116, Session Laws S. D. 1913). Without setting the act out, it is sufficient to state that it provides that, when any such sale and purchase is about to be made, the purchaser must notify all creditors of the vendor, contained in a list to be furnished him by the vendor, not less than seven days prior to paying therefor, and the consideration to be paid or so much thereof, as is necessary, shall be held in trust by him for the creditors.

The act nowhere provides in express language that a sale failing to comply with the act shall be void, but it makes the purchaser or person receiving the money a trustee for the creditors of the vendor.

The question to be determined is within a narrow compass. May a trustee in bankruptcy maintain an action against the purchaser, who has not complied with the provisions of the statute, or are the creditors the only persons who can maintain the action?

Section 70a (4) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 565 [Comp. St. § 9654]) vests in the trustee the title of the bankrupt to all property transferred by him in fraud of his creditors, and section 47a (2) as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. § 9631), provides that the trustee shall "as to all property not in the custody of the bankruptcy court * * * be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." There can be no doubt that under Bankruptcy Act, § 70a (4), the title to property fraudulently transferred, passes to the trustee, although the bankrupt could not have maintained an action therefor.

That a trustee in bankruptcy may maintain an action against the vendee when the sale was made in violation of the "Bulk Sales Law" and against the person who received the purchase money, with knowledge of that fact, has been frequently decided. Parker v. Sherman, 212 Fed. 917, 129 C. C. A. 437; Goodwin v. Tuttle, 70 Or. 424, 141 Pac. 1120; Appel Mercantile Co. v. Barker, 92 Neb. 669, 138 N. W. 1133; Niklaus v. Lessenhop, 99 Neb. 803, 157 N. W. 1019.

Again section 70e of the Bankruptcy Act authorizes the trustee to recover any property transferred by the bankrupt, or its value, which any creditor of such bankrupt might have avoided. This provision is undoubtedly broad enough to authorize the trustee to maintain this action. Goodwin v. Tuttle, supra; Mueller v. Bruss, 112 Wis. 406, 88 N. W. 229.

But counsel for appellees claim that those authorities are not in point, as the statutes of those states differ materially from that of South Dakota, in that they expressly declare sales not made in conformity with the provisions of the statute, void as against creditors, while the South Dakota statute does not declare the sale void, but only makes the purchaser, who fails to comply with the provision of the act liable to any creditor of the vendor for the pro rata share of the proceeds of such sale.

That such a purchaser is a trustee has been frequently decided. Kohn v. Fishback, 36 Wash. 69, 78 Pac. 199, 104 Am. St. Rep. 941; Nicrosi v. Irvine, 102 Ala. 648, 15 South. 429, 48 Am. St. Rep. 92; Jaques & Tinsley Co. v. Carstarphen Warehouse Co., 131 Ga. 1, 62 S. E. 82; Appel Mercantile Co. v. Barker, supra. In their brief counsel for appellee concede this to be the law. They say:

"We concede this to be a trust proposition, but it is a trust between the purchaser, or the person receiving the consideration on one hand, and the creditors of the bankrupt on the other"

—and deny that the trustee in bankruptcy may enforce the trust, but that the creditors alone may do so under the statute of South Dakota. To sustain this contention they rely on Sellers v. Hayes, 163 Ind. 422, 72 N. E. 119. But the statute of Indiana, in force when that cause of action arose (Act March 11, 1906), provided:

"The word 'creditors' as used herein shall apply only to such creditors whose claims arose from the sale of some part of such stock of merchandise."

And the court held:

"Where, by force of a statute, the effect of a conveyance is to create a statutory lien in favor of a particular creditor, and the conveyance is otherwise valid and sufficient to pass a title to the purchaser, our opinion is that such a transfer cannot properly be denominated a fraudulent conveyance, * * * which is * * * null and void as against all the creditors of such a debtor by the laws of the state."

That case is therefore clearly distinguishable from the case at bar, as that statute only made the sale void in favor of particular creditors, while the South Dakota statute applies to all creditors of the vendor.

Although the act in question does not declare such sales void, it not only prohibits them, but section 6 of the act makes a violation thereof by the seller a misdemeanor.

That section reads:

"Any person making such sale or exchange, or any person acting for or in his behalf, who shall willfully make and deliver, or cause to be made and delivered, any false list or statement required by this act, or who shall knowingly or willfully omit the name or names of any creditor or creditors of such person from such list, or who, having creditors, shall fail to furnish such list or statement shall be guilty of a misdemeanor."

It is elementary that any contract or sale expressly forbidden by law, and made a criminal offense, is void, although the statute does not so declare. Danciger v. Cooley, 248 U. S. 319, 39 Sup. Ct. 119, 63 L. Ed. ——; Continental Wall Paper Co. v. Voight, 212 U. S. 227, 29 Sup. Ct. 280, 53 L. Ed. 486; Levy v. Kansas City, 168 Fed. 524, 93 C. C. A. 523, 22 L. R. A. (N. S.) 862. Therefore a sale, in willful violation of this statute, is void, and must be treated as a fraudulent conveyance. Sales in violation of such a statute have been declared fraudulent conveyances, and therefore void, in Re Calvi (D. C.) 185 Fed. 642; Coffey v. McGahey, 181 Mich. 225, 148 N. W. 356, Ann. Cas. 1916C, 923; Joplin Supply Co. v. Smith, 182 Mo. App. 212, 167 S. W. 649; Goodwin v. Tuttle, supra.

As the complaint charges, and the motions to dismiss admitted, that the sale by the bankrupt was in violation of the "Bulk Sales Act" of South Dakota, and that the appellee Schoenberger received the amounts charged with full knowledge of that fact, it stated a good cause of action against both appellees, and the court erred in sustaining the motions to dismiss.

The cause is reversed, with directions to overrule the motions to dismiss and proceed in conformity with the views herein expressed.