## NIELSON v. UTAH CONST. CO.
### No. 8987.

Circuit Court of Appeals, Ninth Circuit.
June 1, 1939.

D. A. Skeen, of Salt Lake City, Utah, for appellant.

A. E. Bowen, of Salt Lake City, Utah, and Edwin Snow, of Boise, Idaho, for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

Appellant Nielson, in February, 1937, filed a petition in the District Court of the United States for the District of Idaho, Southern Division, in that certain action wherein the appellee, Utah Construction Company, was plaintiff and in which a decree had been entered on the 15th day of March, 1923, whereby the rights to the waters of Big Lost River of the many persons who were parties to said action had been adjudicated.

The petition alleged that Nielson had succeeded to the ownership of certain described land to which a water right in the said Big Lost River had been adjudged by said decree; that said decree provided "the court hereby expressly reserves jurisdiction to supervise and enforce the administration of this decree hereafter and from time to time as occasion may require." The petition further alleged that the Utah Construction Company, original plaintiff in the case, by the terms of the same decree had been allotted water rights in the same stream; that in the administration of the said decree a water commissioner had been appointed; that through the said water commissioner, and in violation of the terms of said decree, the Utah Construction Company, beginning in the year 1929 and ever since, had caused large quantities of water decreed to the land of Nielson and others owning water rights in the lands along the channel of the said river to be wrongfully stored and diverted to petitioner's great damage and over his protest. The petition also alleged that in the year 1935 the Utah Construction Company and said court commissioner, acting under the company's direction and for its

benefit, caused the entire flow of the waters of the Big Lost River to be diverted from its channel and into the company's ditches so that the crops and vegetation on petitioner's land were destroyed; and that during the year 1935 the company had entered into some agreement or arrangement with Big Lost River Irrigation District, a public corporation, the terms of which were not known or understood by petitioner, but under which the said Big Lost River Irrigation District intended to continue to evade the decree and wrongfully divert and distribute the water decreed to petitioner's land. Further, the petition alleged that the Utah Construction Company "intends to, and unless enjoined by this Court, will ignore and disregard said decree"; that the company threatens "to continue to violate the terms of said decree" and "divert petitioner's water and destroy the crops," unless the court grants relief.

The petitioner prayed for an order requiring Utah Construction Company, its officers and agents, to show cause why they have not complied with the decree, and for an order fixing a time and place for determination of the claims of petitioner for damages sustained and for other relief.

The petition thus indicates on its face that the proceeding might properly be considered ancillary to the main action and had to do with the enforcement of the decree previously entered. The trial court evidently took this view and on this petition issued an order requiring the Utah Construction Company to show cause why the prayer of the petition should not be granted.

By its answer to the petition the Utah Construction Company admitted petitioner's ownership of the land described and the entry of the prior decree. In addition, the company pleaded other provisions of the decree among which were those by which the company was awarded certain rights for the storage and subsequent use of the winter flow of the stream, prior and paramount to all other parties; the amended answer also alleged that ever since the entry of the decree until the end of the year 1936, the water had been distributed by the District Court's own commissioner in a manner acquiesced in by petitioner and his predecessors, without objection or complaint; that the trial court, prior to the filing of the petition, had discharged its own commissioner and had turned the administration of the decree over to the Commissioner of Reclamation of the State of Idaho who had assumed jurisdiction of its administration and appointed watermasters. The company further answered that in July, 1936, which was prior to the filing of Nielson's petition, it had sold and by deed conveyed and delivered to the Big Lost River Irrigation District all its right, title and interest, in and to the waters of the Big Lost River, together with its reservoir, irrigation system, and all its lands and property which were the subject matter of the decree; and that it did not "have or claim to have any right, title or interest under said decree or otherwise in or to the waters or use of the waters of said Big Lost River, and does not now store or use nor intend in the future to store or use any of said waters, and has no interest whatsoever in or under the decree."

A reply was filed by petitioner denying that he had ever acquiesced in the wrongful interpretation of the decree and the wrongful diversion of the water under the said decree.

Upon the above petition, the order to show cause, the amended answer filed in pursuance thereof and the reply thereto, the court held a hearing and received evidence offered by the respective parties and entered its order that Utah Construction Company, its successors in interest, the Big Lost River Irrigation District and all of the agents, servants, employees and attorneys of said company and said Irrigation District and any person administering the decree be enjoined and restrained from in any manner interfering with the natural flow of waters of Big Lost River as determined by the decree of March, 1923, until the petitioner, Nielson, has had delivered into the intake of his ditch of the waters of the Big Lost River, sufficient to fill his said right under said decree.

It was further "ordered that said injunction continue during the pendency of this proceeding, and that Findings of Fact and Conclusions of Law and Decree are to be considered and entered after the question of damages is heard and determined as provided for in the written opinion of the Court" theretofore filed.

On November 1, 1937, this matter came on for further hearing on the question of damages. Evidence was also received which showed that the Utah Construction Company had transferred its interest in the subject matter of the litigation to the Big Lost River Irrigation District and had ceased to operate the system and project prior to the time of the filing of the petition.

Thereupon the company asserted: "(a) That the Court has no jurisdiction under the evidence to issue injunction against it or against the irrigation District who was not a party to the proceedings. (b) That the petitioner is not, under the evidence, entitled to a permanent injunction, as the evidence affirmatively discloses that it had before the petition was filed on February 8, 1937, parted with all its interest in the system and project and ceased to operate the same. (c) That no judgment for damages against it can be rendered in the present proceeding because there does not exist facts to entitle petitioner to injunctive relief and therefore the Court does not have jurisdiction to decide the issue of damages which is purely incidental to the right of injunctive relief, and (d) That there is no proof of the amount or extent of petitioner's injury or damages, even if it was damaged."

After further consideration the District Court, on January 11, 1938, filed its opinion and in disposing of the foregoing contentions said:

" * * * as thus stated, first (a and b) that the Court has not jurisdiction under the evidence to issue an injunction against the Company and Irrigation District as the evidence affirmatively discloses that it had prior to the filing of the present petition, on February 8, 1937, parted with all of its interest in the system and project to the District and ceased to operate the same, and that the District is not a party to the present proceeding, it seems sufficient to say that the undisputed evidence shows that prior to the filing of the petition the Company had transferred all of its interest in the system and project to the Irrigation District and had ceased to operate the same and that the Irrigation District is not a party to the present proceeding which would not warrant, in the present proceedings, the issuance of a permanent injunction against them, or the necessity for the same, for under the original decree the Company and its officers, agents and successors are perpetually enjoined. This is conceded in petitioner's brief where it is said that 'the injunction heretofore issued in the case against the Utah Construction Company, and its officers, agents, successors will continue in full force and effect and no further Order of injunction is now necessary.' That being the situation, and the record so discloses, there appears no necessity for the issuance of an injunction in the present proceeding as the petitioner already has a permanent injunction against the acts complained of in the present proceeding by the original decree. So we pass to the second contention of the Company (c) that no judgment for damages against it should be rendered because there does not exist facts entitling petitioner to injunctive relief and therefore jurisdiction does not exist in the Court to decide the issue of damages which is purely incidental to the injunctive relief. Since the parties have now rested and the evidence now discloses that the Company had parted with all of its interests in the system and the project and had ceased operating the same prior to the institution of the present proceedings, the Court is required to consider and decide the contentions of the Company for the views expressed in its former opinion do not warrant the Court in not disposing of the contentions now presented.

\* \* \* \* \* \*

"Of course, where the Court has taken cognizance of the equitable action and the proof established the same, it will do complete justice between the parties even though it involves the granting of incidental legal rights, but that principle would not apply here, where it now appears that the Company was not doing anything or threatening to do anything as alleged in the petition because, as has been said, at the time the petition was filed, the Company had theretofore parted with its interest in the system and project and ceased operating it or having anything to do with it. The issues now presented have all arisen since the original case was first presented and the damages now claimed were not incidental to it, because they did not then exist.

"The authorities relied upon by petitioner are situations where the right to equitable relief were averred and relied upon and existed at the time the bill was filed.

"If the primary question here is one for damages as contended for by the petitioner and the issuance of an injunction is incidental thereto, then the Company would be entitled to have the legal claim of damages submitted to a jury, which it has not yet waived. \* \* \*

"The conclusion then is reached that the Court cannot itself render a decree for damages under the averments of the petition and the proof as the cause is one essentially a law case and comes under Equity rule 22, 28 U.S.C.A. following section 723.

"The next question arises, should the Court under the general equity practice now adopted transfer the petition and the law questions to the law side of the Court under general equity rules 22 and 23 which now govern the practice in a suit in equity?
* * *

* * * * * *

" * * * Under these rules the Court does not lose jurisdiction of the cause because of failure of petitioner to pursue the proper remedy and the cause should not be dismissed upon the ground of adequate remedy at law, as the proceedings being one primarily at law to be transferred to the law side of the Court it becomes the duty of the Court under equity rule 22 to transfer the cause to the law side and to test the sufficiency of the petition by giving to the company the right to test the petition by demurrer or the sufficiency of the evidence, Brown v. Kossove et al., [8 Cir.] 255 F. 806, Wineman v. Reeves et al. [5 Cir.] 245 F. 254. So the present proceeding being now transferred to the law side of the Court and the petition in its present condition not stating facts sufficient to give the Court jurisdiction for want of diversity of citizenship being alleged, the same will be dismissed unless the petitioner by amendment made within 10 days alleging sufficient facts showing diversity of citizenship under equity rule 19, and if such is done, the law issue as to damages will be retried by a jury unless a jury trial is waived."

Thereafter, on March 10, 1938, the District Court entered an order denying the injunctive relief prayed for, dissolving the temporary injunction theretofore issued, and transferring the case to the law side of the court. The making and entering of this order is assigned as error.

 As to this assignment it is sufficient to say that no appeal was taken from this order and the bill of exceptions presented was not settled by the District Court. The certificate of the Judge appended to the statement of the case printed in the record brought here reads as follows:

"The annexed proposed 'statement of case' having been on August 3, 1938, presented to me for consideration by counsel for the petitioner and counsel for the plaintiff having declined to sign or agree to the same, and that it does not contain a complete, full and correct record of the proceedings had in the cause, as there was considerable testimony presented to and taken in Court, none of which is referred to or made a part of said proposed statement.

"Therefore, the Court declines to settle the same."

However, in the transcript of record there appears appellant's amended petition in equity, the motion of appellee to dismiss amended petition and to strike the same, the opinion of the court and the order thereon, which are certified by the Clerk of the District Court.

We will now direct our attention to these. It will be recalled that the court determined that no judgment for damages could be entered under the pleading as theretofore presented and the court directed that appellant file a new petition on the law side of the court alleging sufficient facts showing diversity of citizenship to confer jurisdiction on the court to proceed.

Appellant did not comply with the direction of the court but instead filed a new petition in equity repeating the allegations made in the first petition but adding thereto allegations and claims for damages against the Big Lost River Irrigation District and in the prayer asked the court to enter an order making the Big Lost River Irrigation District a party to the proceeding; it also asked the court to again construe the decree entered by the court on March 15, 1923, to grant injunctive relief and to determine claims for damages.

Appellee filed its motion to dismiss this pleading on the following grounds, to-wit:

"(1) That the said amended petition does not conform to the leave granted by the court to petitioner in the court's memorandum opinion granting leave to amend.

"(2) That it affirmatively appears from said amended petition that there is not the requisite diversity of citizenship between petitioner and The Utah Construction Company to give the court jurisdiction to determine the matter of damages, which is the only issue remaining undetermined by the court.

"(3) That without leave of the court, and contrary to the court's memorandum decision given and rendered on or about January 11, 1938, petitioner has filed an amended petition in equity seeking to bring in Big Lost River Irrigation District as an additional party defendant, after the court's direction that the cause be transferred to the law side of the court.

"(4) Said amended petition does not state facts sufficient to constitute a valid

cause of action in equity against The Utah Construction Company.

"(5) That said amended petition was filed contrary to Equity Rule 28.

"(6) That it appears from the face of the amended petition that there is more than one defendant and different and distinct liabilities are asserted against each of the defendants.

"It is also moved that said amended petition, and the whole thereof, be stricken from the files on the grounds set forth in subdivisions (1) to (3), inclusive, of the above motion to dismiss."

The Utah Construction Company throughout this litigation has continuously maintained "that any proceeding against it looking to the enforcement of the decree or its interpretation must of necessity be wholly nugatory as it was no longer a party to the decree and in no manner interested in it. Hence that the petition presented matters in no respect ancillary to the suit in which it was entitled; and that if entertained at all by the court it could only be entertained as an independent suit."

In discussing the motion to dismiss and to strike the petition the court, in its opinion, among other things said:

" * * * it remains to now determine whether the amended petition has met the requirement of the Court and the rules applicable after the case was transferred to the law side of the Court to there be dealt with according to legal principles.

" * * * plaintiff in his amended petition continues to assert that the action is an equitable one and should still be heard as such, as * * * wholly ancillary and incidental to the original proceedings initiated by the Utah Construction Company in this court, it seems necessary for the Court to state again that such a position cannot be sustained after considering the allegation of the original and amended petitions and the evidence, and the case will now have to be finally disposed of in accordance with the rules of, and the conclusion reached by the Court * * *.

" * * * It is insisted by the allegations of the amended petition that the equitable matters alleged in the original petition be continued for determination and attempt there is made to bring into the case another party, being the Big Lost River Irrigation District, * * *.

"The prayer as well as the allegations alleged in the amended petition discloses the situation thus stated and the petitioner here declining to amend his petition to conform to the rules and order of the Court it becomes necessary for the Court to sustain the motion to dismiss and strike of the Utah Construction Company."

Thereupon, on May 3, 1938, the court entered the following order: "In harmony with memorandum opinion filed on this date, the motion to dismiss and strike of the Utah Construction Company is sustained and the amended petition of the petitioner Wilse A. Nielson is dismissed with costs awarded to the Utah Construction Company." From this order this appeal was taken.

The court had made it clear that in its opinion the proceeding brought by appellant presented only a question of the recovery of damages against persons alleged to have wrongfully deprived appellant of the use of water awarded him in a prior decree of the court in an action brought against many parties to determine respective rights in the Big Lost River. The original decree was a final adjudication of the questions therein involved. The amended petition pleads reliance upon rights awarded by that decree, and while these are proper as being necessary evidentiary facts, nevertheless, the petitioner's cause of action is for damages suffered by the independent action of different parties, which was not determined by the prior decree. The District Court decided that if appellant wished the independent question of damages to be determined by that court, an amended petition would be required stating therein facts showing a diversity of citizenship to confer jurisdiction on the court to proceed.

Appellant has cited a number of cases where courts of the United States have maintained jurisdiction in a subordinate proceeding although a diversity of citizenship did not obtain in the latter controversy.

He quotes at length from the following authorities: Venner v. Pennsylvania Steel Co., D.C., 250 F. 292; St. Louis-San Francisco R. Co. v. Byrnes, 8 Cir., 24 F.2d 66; Wabash Railroad Co. v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379; Freeman v. Howe, 24 How. 450, 65 U.S. 450, 16 L.Ed. 749; Cincinnati, etc., R. Co. v. Indianapolis, etc., Ry. Co., 270 U.S. 107, 46 S.Ct. 221, 70 L.Ed. 490.

To comment separately on these cases and point out in each instance the features that distinguish them from the case before us would prolong this opinion without serving any good purpose. It is sufficient to

say that in these cases it clearly appears either that the original action had not been concluded by the entry of a final decree; or that the subject matter of the ancillary proceeding related strictly to carrying out administrative features of the decree; or that conflicting claims to assets or to property in the actual or constructive possession of the court such as arise in matters of foreclosure or receivership were the issues. The language used by the courts in applying the law to the facts in those cases is not pertinent in the instant case.

■ The record discloses that upon the final hearing on the first petition of appellant the court found from the uncontradicted evidence that prior to the filing of that petition by Nielson, the Utah Construction Company had parted with all its interest in the subject matter of the original decree and as injunctive relief had been awarded in the original decree there remained no ground for the application of any equitable relief. All this was admitted by appellant. Thereupon, the court, instead of entering an order of absolute dismissal, directed that the case might be transferred to the law side of the court, but upon the condition stated. The appellant took no exception to this order and no appeal from it. The same must be regarded as the law of the case.

Appellant not only failed to comply with the order, but contrary to the court's direction, filed an amended petition in equity instead of a complaint at law in direct violation of Equity Rule 28.

■ The amended petition considered by itself might well be held to state a cause of action; but, in passing upon its purpose and effect here, it cannot be disassociated from its antecedent background. The District Court, upon all the evidence admitted during the several hearings on the original petition, definitely determined certain facts. Thereupon it required appellant to proceed in the manner indicated. It further had been determined that this appellee had nothing to do with the waters of Big Lost River after 1934, and the amended petition failed to allege that the Big Lost River Irrigation District had anything to do with the matters complained of until after 1934. Thus the liabilities charged against the Company and the District by this amended petition being for different periods and occasioned by different parties by separate acts, the causes of action were several and not joint. The pleading thus violates Equity

Rule 26, 28 U.S.C.A. following section 723. As the parties could not be properly joined in this suit or action the motion to strike was properly entered.

■ It has been suggested that since the recently adopted Rules of Civil Procedure, 28 U.S.C.A. following section 723c, have abolished the distinction as to forms of action at law and suits in equity that the order of the District Court in transferring a case from the equity to the law side of the court should not be sustained. The order of the court at the time it was entered conformed to the rules then in force and should not now be abrogated; but, in any event, it is not material to determine whether the case was properly transferred since we conclude that the amended petition was properly dismissed because it was not within the court's jurisdiction. Davis v. McFarland, 5 Cir., 15 F.2d 612.

The filing of the amended petition indicates on its face an attempt to evade previous decisions by the District Court made upon full hearings and embodied in an order from which there was no appeal. Such procedure cannot be countenanced.

Costs were properly awarded against appellant.

Affirmed.