# ALASKA CREDIT BUREAU OF JUNEAU v. DATE et al.

## No. A–5620.

United States District Court.  D. Alaska.
Third Division.  Anchorage.
Oct. 24, 1949.

William L. Paul, Jr. Juneau, for plaintiff.

Walter H. Hodge, Cordova, for defendants.

DIMOND, District Judge.

This action, upon an assigned claim, was brought by the plaintiff against the defendants to recover the sum of $576.-83 with interest, the balance due for merchandise sold and delivered on or about April 24, 1947, to the defendants, J. W. Date and Richard F. Date, doing business under the name and style of Date and Company. On December 20, 1948, the defendant, Date, doing business as above stated, sold and assigned his business to the defendant, Marine Ways and Building Company, a newly organized Alaska Corporation. Plaintiff alleges in its complaint that the defendant corporation was organized for the sole purpose of succeeding to all of the rights and obligations of the business of the partnership, and that the corporation did succeed to all the rights and obligations of the partnership and assumed and promised to pay the debt sued upon.

After the complaint was filed, writ of attachment was issued and attachment was made thereunder upon money in a local bank in the amount of $149.37, then standing to the credit of the defendant, Date, and upon additional funds, in the amount of $252.02, then standing to the credit of the defendant corporation.

The defendants, J. W. Date and J. W. Date and Richard F. Date, copartners, doing business as Date and Company, have virtually confessed judgment. The defendant corporation claims to be the owner of the property formerly belonging to Date and Company; that it purchased the property by issuing its capital stock to Date; that the transfer was made in compliance with the Alaska Bulk Sales Act; and denies all liability for the debt sued upon.

At the trial of the case, wherein the plaintiff was not represented by counsel, the defendants offered in evidence excerpts from the corporate records of the defendant corpo-

ration, including an affidavit made, as claimed, under the provisions of the Bulk Sales Act. It appears from those records that the business of the defendants was formerly carried on by J. W. Date and Richard F. Date, a copartnership, and was owned by them. It further appears that Swalling did not have and does not have any interest in the business. It was further shown that on December 20, 1948, the defendants J. W. Date and Richard F. Date, doing business as Date and Company, sold and assigned all of the property of the partnership to the defendant corporation, and, at that time, an affidavit was made purporting to contain a list of all of the creditors of the partnership, together with the amount due to each creditor. However, no evidence was introduced to indicate that the purchaser, the defendant corporation, notified personally or by registered mail, every creditor whose name and address was stated in the affidavit, as required by the provisions of Section 2 of the Bulk Sales Act, Section 29-3-2, ACLA 1949.

The purchase price was entirely paid for in the capital stock of the defendant corporation. The books of the corporation indicate that the defendant, J. W. Date, holds the majority of the stock. Nothing put in evidence gave the slightest suggestion that any of the stock of the corporation was paid for in cash.

Whether or not the transfer was made in actual fraud of creditors is passed without comment. But it appears beyond dispute that no notice was given to creditors as required by the Bulk Sales Act, and therefore the transfer may be void as to the creditors for that reason. If any such notice had been given, that fact would doubtless have been brought to the attention of the Court. No proof was offered that the defendant corporation undertook or assumed any liability or responsibility with respect to the indebtedness owed by the partnership at the time of such transfer. In fact, the corporation denied all such liability.

The question is whether the plaintiff can reach through the void transfer, if it be void, and recover judg-

ment against the defendant corporation. The law seems to be well settled that it cannot do so. A statement of the general rule is to be found in 37 C.J.S., Fraudulent Conveyances, § 318, page 1146. The subject was considered and decided in the District Court of Alaska in the case of Schwabacher Hardware Company v. Schafer, 10 Alaska 209. That case, and the Washington and Oregon cases cited therein, namely, Fleischner et al. v. First Nat. Bank of McMinnville et al., 36 Or. 553, 54 P. 884, 60 P. 603, 61 P. 345; Godwin v. Tuttle, 70 Or. 424, 141 P. 1120, and Rothchild Bros. v. Trewella, 36 Wash. 679, 79 P. 480, 68 L.R.A. 281, 104 Am.St.Rep. 973, seem to be entirely in harmony with the general rule.

Now it is true that if the plaintiff in this case had sued the defendant partnership and attached the property fraudulently transferred to the corporation, ignoring the transfer as being in fraud of creditors, the attachment would stand and the levy of the attachment be enforced against the attached property. 37 C.J.S. Fraudulent Conveyances, § 307, page 1138; Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355, 85 A.L.R. 128; Keene v. Hale-Halsell Co., 5 Cir., 118 F.2d 332; Old Honesty Oil Co. v. Shuler, D. C., 11 F.2d 176; Balsley v. Union Cypress Co., 92 Fla. 706, 110 So. 263; Remington v. Garrett, 34 Ga.App. 715, 130 S.E. 831. In this case there is no proof or even suggestion that any money was transferred by the partnership of the corporation or that the money standing in the bank to the credit of the corporation which was attached had been received by the corporation from the partnership. In the absence of proof, it cannot be presumed that this money or any equal amount of money was transferred by the partnership of the corporation. Under those circumstances, the attachment of the funds standing to the credit of the corporation in the bank cannot be sustained. 6 C.J. 205; 37 C.J.S., Fraudulent Conveyances, § 309; McDonald v. Cohen, 5 App.Div. 161, 38 N.Y.S. 1110.

Accordingly, plaintiff may have judgment against J. W. Date and against the partnership consisting of J. W. Date and Richard F. Date for the full amount of its claim, together with interest to the date of judgment and for costs including attorneys' fees. The sum of $149.37, property of the defendant, J. W. Date, which was attached, may be applied upon the judgment. The attachment must be released as to the sum of $252.02 of the defendant corporation.

Findings and judgment may be prepared accordingly.