Lepsoomb, J.
The- question of law, and the only one presented by the record in this case, lias been long and firmly settled. It arises under the statute of frauds, and it is: can any other person than a creditor or purchaser impeach the consideration of a deed or bill of sale upon the ground of fraud? It has been uniformly lield by the ablest jurists from the first enactment of the English statute down to tiie present period, that such deeds could not be -attacked on the ground of the consideration by any others than by creditors ■and innocent purchasers, who alone were intended to be protected by the statute. And we are not aware of a single opinion to the contrary whore the ■common law jurisdiction prevails. A different rule is believed to prevail under the civil-law jurisprudence.
The case of Danzey and others v. Smith et al., decided by this court, 4 Tex. R., 411, is a strong case, and in its features is not distinguishable from the one before us. The deed in that case was made to the daughter, and was most clearly made with a view to hinder and defraud creditors; and after the death of tlio maker of the deed, liis widow and other children brought suit to set aside the conveyance, on the ground that its consideration was to defraud -creditors. It was a case of great hardship upon the widow and the other -children, but we did not feel ourselves authorized to grant relief by laying -down a now rule, repugnant to the uniform doctrine on the question.
In Bryant v. Kelton & Uzzell, 1 Tex. R., 433, the same rule was recognized; .and we say “ that it was in the character of creditor only that the plaintiff liad “ a right to dispute the claimant’s title.” Whether justice and morality would •so far overbalance sound policy as to call for an extension of the rule, so as to place heirs upon the footing of creditors and purchasers, is a question we are not authorized to answer, because it properly belongs to the legislative department of our State government.
The petition in this ease shows no claims of creditors, and there is no presence of its being necessary for their benefit tiiat the conveyance should be set .aside, and, as in Danzey’s case before cited, it was demurrable out of court fox-want of showing a legal cause of action. The judgment is reversed and cause remanded.
Reversed and remanded.
Nora SO. — McClenny v. Floyd, ante 159.