## SCARBOROUGH v. BLOUNT et al.

(Court of Civil Appeals of Texas. Galveston. Feb. 19, 1913.)

1. FRAUDULENT CONVEYANCES (§§ 176, 193*) — VALIDITY BETWEEN PARTIES — ENFORCEMENT OF TRUST.

Where a person conveys land by a deed absolute on its face and without consideration, in fraud of his creditors, although with an understanding that the land is only to be held in trust, neither he nor his heirs can enforce the trust against the grantee or a purchaser from the grantee with notice of the fraud; such conveyances being subject to impeachment only by subsequent creditors and purchasers without notice.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 537–541, 605–607; Dec. Dig. §§ 176, 193.*]

2. EVIDENCE (§ 461*) — PAROL EVIDENCE—DEEDS.

Where a father, in fraud of creditors, conveyed land to his son, to hold on a secret trust for the father, and the son by a deed, unambiguous on its face, conveyed it to another, the father's other heirs could not subsequently show that the son's deed was intended to pass only the son's interest in the lands as his father's heir, and not that which he acquired by the deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Suit for partition by certain heirs of Alfred Blount against others of such heirs, and P. E. Scarborough intervened. From the judgment, the intervener appeals. Reversed and remanded, with instructions.

Lee & Ingram, of Jasper, for appellant. Ford & Beatty, of Jasper, for appellees.

REESE, J. This is a suit for partition instituted by some of the heirs of Alfred Blount

against others of such heirs. The land sought to be divided consisted of two tracts of land adjoining, and containing in the aggregate 242⅔ acres. P. E. Scarborough intervened, claiming that he was the owner by purchase and conveyance from William Blount, one of the heirs, of his interest as such heir, and that he was also the owner of an undivided 42⅔ acres of said land which had been conveyed by Alfred Blount to William Blount in his lifetime, and which had been conveyed by William Blount to him. M. E. McFarlane also came in claiming an interest. To this petition in intervention, both plaintiffs and defendants answered, alleging that William Blount never at any time claimed any interest in said land under said deed from Alfred Blount to him; that the land so conveyed was in fact held in trust by William Blount for Alfred Blount; and that these facts were well known to said Scarborough at the time of, and prior to, the execution of said deed. It was further alleged that the price paid by Scarborough was grossly inadequate for the 42⅔ acres in addition to the grantor's interest as one of the heirs, and that William Blount is an ignorant negro, unable to read or write, and understood and thought that he was only conveying his interest as one of the heirs. Upon trial without a jury, the court held that the deed from William Blount to Scarborough only conveyed the interest of the grantor, as one of the heirs; that the deed for the 42⅔ acres was executed in order to save the same from a creditor of Alfred Blount, and was not intended to convey the land; that William Blount never at any time claimed any interest under the deed; and that the intervener was only entitled to the interest of William Blount as one of the heirs in the 242⅔ acres. The court proceeded on this basis to establish and declare the respective interests of the parties, and appoint commissioners to make partition in accordance therewith. From so much of the judgment against him as decrees that he is not entitled to the 42⅔ acres, the intervener, Scarborough, appeals.

[1] The only assignment requiring notice is that with reference to the action of the court in holding that the heirs of Alfred Blount could, in this proceeding, attack the deed or dispute the legal effect of the deed from Alfred Blount to William Blount on the ground that it was executed for the purpose of defrauding the creditors of said Alfred Blount, and was not intended to convey the land absolutely to William Blount. Upon this question the facts are as follows: On May 18, 1889, Alfred Blount, being then the owner of the 242⅔ acres of land, on which he lived with his family, executed to his son, William Blount, a deed to an undivided 42⅔ acres of the tract to be surveyed off the west side of 68⅔ acres described in a certain deed referred to. This deed was duly acknowledg-

ed, and was duly recorded on the day of its date. The undisputed evidence shows that Alfred Blount was sued by one Powell, and that, as he owned 42⅔ acres more than was exempt as a homestead, this deed was made to defraud his creditors. It is found by the trial court that the deed was executed to defraud the creditors of said Alfred Blount. The evidence is sufficient to support the finding of the trial court that there was no consideration for this deed, and that William Blount had never claimed this land, but only claimed, after his father's death, his interest as an heir of his father in the 242⅔ acres, and that he so expressed himself. This suit was filed on November 28, 1911. A few days before the suit was filed, Scott Blount and William went to see lawyers about bringing a suit to partition the land; and the evidence authorizes the conclusion that William, in talking about the matter, laid no claim to anything, except his interest as an heir, and that appellant Scarborough knew this. However, on the 20th of November, 1911, and after the occurrence referred to, William Blount, joined by his wife, executed in regular form a deed to appellant, conveying "all that certain interest I have and hold in and to that said tract of land conveyed by Wm. S. Keaghy to my father, Alfred Blount, by deed of date the 21st day of May, 1889, said deed being recorded in Book L, pp. 360–363, Deed Records of Jasper county, Texas, including all interest conveyed by my said father to me before his death, and all interest thereafter inherited by me in any manner whatsoever, as heir of the said Alfred Blount, or otherwise." The Keaghy deed is described exactly as in the deed from Alfred to William. This deed was duly acknowledged by William Blount on the same day and by his wife on the 22d of November, and was filed for record November 28, 1911. The consideration recited in the deed, which was shown to have been paid, was $175. There was no evidence to show that William Blount did not understand the contents and effect of the deed, or that any fraud was practiced upon him. There is no finding of the court of either. So far as the evidence shows, the deed as against William Blount conveyed what it, by its terms, purported to convey. William Blount did not testify in the case. It is true that in the answer of plaintiffs to the intervener's petition it is alleged "that said intervener acquired, by his deed from William Blount, only the interest that William Blount claimed in said property, as shown and set out in plaintiffs' petition, and that such as William Blount claimed as an heir is the only interest that was conveyed, and that was intended to be conveyed, by said deed from William Blount to said intervener;" and it is further alleged that William intended to convey only his interest as an heir. But there is no evidence that William did not fully understand the contents and legal effect of the deed.

It is well settled that, as against Alfred Blount, the deed from him to William conveyed the land embraced in it, and that he would not have been allowed to impeach its legal effect on the ground that there was no consideration for its execution, and that William was not to take the beneficial title, but only to hold the land in trust for him, if, as is here shown, the purpose of its execution was to defraud his creditors. Epperson v. Young, 8 Tex. 136; McClenny v. Floyd, 10 Tex. 166; Robinson v. Martel, 11 Tex. 156; Hoeser v. Kraeka, 29 Tex. 454. It does not matter that the grantee was to hold the property in trust for the grantor. Such trust cannot be enforced if it springs from, and is used as a means of carrying out, the purpose to defraud creditors. In such case, the contract, as evidenced by the deed, being fully executed, the law will not assist the grantor to reap the anticipated fruits of his own fraud. Eastham v. Roundtree, 56 Tex. 110; Rivera v. White, 94 Tex. 538, 63 S. W. 125; Kahn v. Kahn, 94 Tex. 115, 58 S. W. 825. This was the situation as between Alfred Blount and his grantee. It has been settled by a long line of decisions in this state that such conveyances can only be impeached by subsequent creditors and purchasers without notice. Heirs of the grantor are in no better position to do so than the grantor himself. Danzey v. Smith, 4 Tex. 415; Dittman v. Weiss, 87 Tex. 614, 30 S. W. 863; Wilson v. Trawick, 10 Tex. 435; Hart v. Rust, 46 Tex. 557.

If the deed cannot be impeached either by the grantor or his heirs as against the grantee himself, it is clear that a purchaser from the grantee, even with notice of the fraud, would occupy at least as strong a position as the grantee. Even if it be true that, up to the time of the execution of the deed to appellant, Scarborough, William Blount had claimed nothing under this deed, there was nothing in this nonclaim to estop him from asserting such claim as the law authorized him to make. The evidence discloses no element of such estoppel, and none is pleaded.

[2] Something was said in the testimony about William Blount's intention to convey only his interest as heir. The deed, in entirely clear and unambiguous terms, conveys all interest conveyed to William Blount by the deed of his father. There is no intimation in the evidence that the grantee Scarborough understood it otherwise, and nothing to suggest that there was any fraud practiced on William Blount by Scarborough to induce him to execute the deed, or that William Blount did not understand the terms of the deed. The deed, plain and unambiguous in its terms, could only be impeached for fraud or mutual mistake; and there was no evidence of either. There is an allegation in

the petition that the land was worth $20 an acre; but we can find nothing in the statement of facts as to the value. Certainly there is no evidence to suggest such gross inadequacy of consideration as to raise the issue of fraud. The error of the court in holding, in substance, that the deeds from Alfred Blount to William Blount, and from the latter to Scarborough, did not vest in Scarborough the title to the 42⅔ acres of land, is presented by sufficient assignment of error, and must be sustained upon the undisputed evidence, and taking the view of all the evidence most favorable to appellees.

For the error indicated, the judgment is reversed, and the cause remanded, with directions to the trial court to enter a decree of partition allotting to the intervener, Scarborough, 42⅔ acres to be surveyed off of the west side of the Keaghy 68⅔ acres referred to in the deed from Alfred to William Blount, and, in addition, whatever interest William Blount was entitled to as heir in the balance of the land, after taking out this 42⅔ acres; The relative interests of the other parties in the remainder of the land, after taking out the 42⅔ acres, to be as decreed by the court in the judgment appealed from.

Reversed and remanded, with instructions.