**HUGHES et al. v. HUGHES et al.**
**(No. 127–3012.)**

(Commission of Appeals of Texas, Section A. May 19, 1920.)

1. **Fraudulent conveyances ⊛176(I)—No enforceable right exists between parties to fraudulent scheme.**

Where land was fraudulently conveyed to defraud, hinder, and delay creditors, the sale

being a mere pretense, the grantor cannot recover upon notes given or subject the land to a pretended lien, nor recover the land, as the courts will leave the parties in the position in which they have placed themselves.

2. **Fraudulent conveyances ⊛172(2)—Heir of fraudulent grantor cannot recover from grantee.**

Where land was conveyed to defraud, hinder, and delay creditors, the sale being a mere pretense, the heirs and personal representative of the grantor are in no better position to recover upon notes given, or to impeach the deed, than the grantor himself.

3. **Fraudulent conveyances ⊛193—Purchasers with notice occupy same position as their grantor as to fraudulent grantor.**

Where land was conveyed to defraud, hinder, and delay creditors, the sale being a mere pretense, purchasers from the grantee, even with notice of the fraudulent character of the transaction, occupy the same position as their grantor as to the original grantor.

4. **Fraudulent conveyances ⊛174(5)—Reconveyance of land fraudulently conveyed supported by consideration.**

Where land is conveyed to defraud, hinder, and delay creditors, the sale being a mere pretense, and grantee recognizes the trust and reconveys the property to his grantor, the reconveyance will be upheld; the moral obligation to thus reconvey being regarded a valuable and sufficient consideration to support the deed of reconveyance.

5. **Trusts ⊛13 — Conveyance by fraudulent grantee held to create enforceable trust in favor of grantor's estate.**

Where land was conveyed to defraud, hinder, and delay creditors, the sale being a mere pretense, and grantor died and grantee conveyed the property to a third person in trust for the estate of the original grantor, the trust thus created was valid and enforceable.

6. **Trusts ⊛356(I)—Trustee may recover land conveyed to third persons with knowledge of the trust.**

Purchasers of land from a trustee with knowledge of the trust take the property subject thereto, and both the cestui que trust and the trustee may recover the property.

7. **Appeal and error ⊛930(3)—Findings on issues not submitted presumed in support of judgment.**

In view of Rev. St. 1911, art. 1985, it must be deemed on appeal that the trial court found on an issue not submitted to the jury in support of its judgment; there being evidence to support such a finding.

8. **Infants ⊛31(2)—Must restore consideration on disaffirmance of deed.**

One seeking disaffirmance of deed or contract on the ground of minority must restore the consideration, if still in his possession or within his control.

9. **Infants ⊛6—Infant may be trustee.**

A minor may be charged as a trustee.

---

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Infants ⊚⊸31(1)—Right to disaffirm deed personal and not exercisable as trustee.**

The right of a minor to disaffirm his deed or contract is personal, and a minor holding land in trust, in which he has no personal interest, cannot disaffirm a deed of such land.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Isabella Hughes and another against T. M. Hughes and others, in which others intervened and made common cause with plaintiffs. From a judgment of the Court of Civil Appeals (191 S. W. 742) affirming a judgment for defendants, the plaintiffs and interveners bring error. Affirmed.

V. A. Collins, of Beaumont, and Thos. H. Casey, of Burkville, for plaintiffs in error.

Wightman & Hancock, of Newton, for defendants in error.

SONFIELD, P. J. Isabella Hughes, individually and as administratrix of the estate of J. R. West, deceased, joined by her husband, F. P. Hughes, brought this suit against T. M. Hughes and others to recover on three promissory notes executed by T. M. Hughes, payable to J. R. West, the notes being secured by a vendor's lien upon certain lands, which was sought to be foreclosed. The defendants, other than T. M. Hughes, had acquired interests in the property. The minor children of J. R. West and Isabella Hughes, née West, intervened and made common cause with plaintiffs. Plaintiffs and interveners will hereinafter be referred to as plaintiffs.

The defendants, other than T. M. Hughes, pleaded that the transaction between J. R. West and T. M. Hughes was a fraudulent transaction, made for the purpose of hindering, delaying, and defrauding Newton county, Tex., and other creditors of J. R. West; that the transaction was a sham, no real sale being made, and it was never intended that the notes so executed by T. M. Hughes should be paid.

During the trial, plaintiffs filed a trial amendment, stating that, if for any reason a recovery could not be had upon the notes, they were entitled to recover the land, and made the formal allegations in trespass to try title. Subsequently, during the pendency of the trial, plaintiffs filed a second trial amendment, in which it was alleged that the conveyances made by Isabella Hughes and her husband, F. P. Hughes, under which some of the defendants claimed, were made while F. P. Hughes was a minor, and that he, having but recently attained his majority, elects to rescind each and every such transaction evidenced by such deeds, but was unable to restore the consideration received; further, that Isabella Hughes at the time of the execution of the deeds was a married woman, and did not appear before the notary public to acknowledge same, but that such acknowledgments were taken over the telephone, and for this reason the deeds were invalid.

The following brief statement of the case is deemed sufficient:

The Merchants' & Planters' Bank, the depository of Newton county, early in the year 1910 became insolvent. J. R. West was one of the bondsmen of the depository. On July 4, 1910, he executed a deed to his cousin, T. M. Hughes, conveying a large amount of land, reciting a consideration of $10,330; $1,000 in cash, the balance evidenced by notes secured by a vendor's lien and the assumption of the unpaid purchase money due on certain of the property conveyed. J. R. West died on the 11th day of June, 1911, before any part of the notes had been paid, leaving surviving him his wife, Isabella West, who subsequently married F. P. Hughes, and three minor children. After the death of J. R. West, T. M. Hughes sold parts of the land so conveyed to him to G. A. Baker and E. O. Terry. It appears from the evidence that these lands were sold by F. P. Hughes, who had previously married Mrs. West, but T. M. Hughes executed the deeds, and the consideration for same was paid to F. P. Hughes.

On the 29th day of October, 1912, T. M. Hughes executed a deed to S. A. Stark, conveying to him the residue of the land described in his deed from J. R. West; and on the same day Stark conveyed the land by deed to F. P. Hughes. The defendants herein, other than Hughes, Baker, and Terry, claim title to parts of the land under deed from F. P. Hughes subsequent to October 29, 1912. It appears that on August 15, 1914, acting under an order of the probate court, Isabella Hughes, as administratrix of the estate of J. R. West, deceased, executed a release of the vendor's lien retained in the deed from J. R. West to T. M. Hughes. This release plaintiffs allege is invalid, for reasons not necessary to state.

The cause was submitted on special issues, and judgment entered on the special verdict in favor of the defendants. On appeal, the judgment was affirmed. 191. S. W. 742. Writ of error was granted by the Committee of Judges.

The jury found that the conveyance from J. R. West to T. M. Hughes was made, executed, and delivered for the purpose of defrauding, hindering, and delaying his creditors, it being intended thereby to place his property beyond their reach, which fact was known to Hughes; that it was the understanding between J. R. West and T. M. Hughes, and their intention, that the notes executed by Hughes were never to be paid; that the conveyances from T. M. Hughes to S. A. Stark and from Stark to F. P. Hughes were intended by all the parties to put the title to the

land in F. P. Hughes in trust for the estate of J. R. West, deceased. There is evidence upon which to base each finding.

[1-3] The transaction between West and T. M. Hughes being fraudulent, and the sale a mere pretense, West could not recover upon the notes or subject the land to the pretended lien, nor recover the land. The parties being in equal fault, no enforceable right existed in favor of either. This is so for reasons of public policy, to discourage fraudulent transactions. The courts leave the parties in the position in which they have placed themselves. Davis v. Sittig, 65 Tex. 497. The heirs and the administratrix of West are in no better position to recover upon the notes or to impeach the deed than West himself. Danzey v. Smith, 4 Tex. 411; Wilson v. Trawick, 10 Tex. 428; Wilson v. Demander, 71 Tex. 603, 9 S. W. 678. The purchasers from T. M. Hughes, even with notice of the fraudulent character of the transaction, occupy the same position as their grantor, as to West, his heirs and administratrix. Scarborough v. Blount, 154 S. W. 312. It follows that plaintiffs cannot enforce the lien securing the notes executed by T. M. Hughes as against any of the defendants, and cannot recover the land conveyed by T. M. Hughes to defendants Baker and Terry.

[4] Through the transaction between West and Hughes, the latter held the title to the land in trust for the former. Though courts will not interfere to compel a reconveyance at the instance of the fraudulent grantor or those holding under him, yet, if the grantee recognizes the trust, and reconveys the property to his grantor, such reconveyance will be upheld; the moral obligation to thus reconvey being regarded a valuable and sufficient consideration to support the deed of reconveyance. Bicocchi v. Casey-Swasey Co., 91 Tex. 259, 42 S. W. 963, 66 Am. St. Rep. 875.

[5, 6] Under the findings of the jury, through the conveyances from T. M. Hughes to S. A. Stark, and from Stark to F. P. Hughes, title to the lands conveyed by West to T. M. Hughes, except the parts conveyed to Baker and Terry, vested in F. P. Hughes, in trust for the estate of J. R. West, deceased. The trust thus created was valid and enforceable. Purchasers from F. P. Hughes with knowledge of the trust would take the property subject thereto, and hence to the right, not only of the cestui que trust, but also of the trustee, to recover the property. 39 Cyc. 549; Mansfield v. Wardlow, 91 S. W. 859.

[7] The question whether those purchasing and holding under F. P. Hughes had knowledge of the trust was not submitted to the jury, nor was its submission requested. In virtue of article 1985, R. S. 1911, it must be deemed that the court found on this issue, in support of its judgment, that the defendants were without knowledge of the trust; there being evidence to support such finding. Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132.

[8] F. P. Hughes sought to disaffirm and avoid his deeds on the ground of minority. The defendants dealt with him as the owner of the land. So considered, Hughes could not disaffirm. It is settled that one seeking disaffirmance of his deed or contract, on the ground of minority, must restore the consideration, if still in his possession or within his control. Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849. The inability of Hughes to restore the consideration was properly alleged, but no evidence of such inability was adduced.

[9] However, Hughes under the findings of the jury held the land in trust. Though a minor, he could be created or charged as a trustee. 22 Cyc. 515.

[10] The right of a minor to disaffirm his deed or contract is personal. It is in the nature of a privilege, to be exercised or not, at his option. An adult party to such deed or contract is bound thereby. The purpose of the law in imposing the disability is to protect the minor, by preventing him from damaging himself or his estate by his own improvident acts. Bullock v. Sprowls, supra. The protection is limited to those acts affecting the minor and his estate, and does not extend to acts performed by him in a fiduciary capacity.

In Sheldon v. Newton, 3 Ohio St. 494, 507, a minor purchased at an administrator's sale, and immediately conveyed the property so purchased to the administrator Sheldon. The purchase was made with the understanding that the property should be thus conveyed. Subsequently he sought to disaffirm and avoid his deed, by conveying the property to others. The court, with reference to his right to disaffirm and avoid, say:

"The law is perfectly settled, that an infant may, absolutely and irrevocably, execute a power either by absolute deed, or otherwise, as fully and effectually as an adult person. The authorities cited in argument are full to this purpose. The privileges which the law allows him, are given to protect his own interests, and not to enable him to disaffirm acts done for others, not affecting his own property. He had no interest in this property. He was the mere conduit pipe through which the title passed for the benefit of Sheldon, and having no interest, he had no right to disaffirm his acts."

Hughes had no beneficial interest in the property. He held the legal title in trust for the estate of J. R. West. An avoidance of the deeds would add nothing to his estate, but would inure exclusively to the benefit of the West estate. Thus, by indirection that estate would avail itself of the minority of Hughes, and this without a tender by it of the consideration, or allegation or proof that

it did not receive the same from its trustee, or of its inability to make return. We conclude that no right existed in F. P. Hughes to disaffirm and avoid his deeds.

Isabella Hughes, wife of F. P. Hughes, joined in the execution of the deeds, and it is asserted that she did not properly acknowledge the same. Having no title, she was not a necessary party to the deeds, and the question whether her acknowledgments were properly taken is immaterial.

We are of opinion that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.