## VRATIS et al. v. WILBANKS et al.
### (No. 11617.)

(Court of Civil Appeals of Texas. Fort
Worth. July 3, 1926. Rehearing
Denied Oct. 16, 1926.)

**1. Descent and distribution ⬦69—Heirs may
not set aside deed of deceased and wife giv-
en to hinder, delay, and defraud creditors.**

Plaintiffs claiming only as heirs cannot set
aside deed of deceased and wife on ground that
it was given without consideration and that
title was held in trust, where deed was made
for fraudulent purpose of hindering and de-
laying his creditors.

### On Motion for Rehearing.

**2. Fraudulent conveyances ⬦308(1).**

Allegation that deed was made to prevent
sale of land for a "then existing indebtedness,"
and evidence introduced in support thereof, *held*
to raise issue of fraudulent purpose in execut-
ing deed.

Appeal from District Court, Tarrant Coun-
ty; H. S. Lattimore, Judge.

Suit by Mabel Jeanette Wilbanks and an-
other against Nick Vratis and others. Judg-
ment for plaintiffs, and defendants appeal.
Reversed and rendered.

Senter, Strong & Tester, of Dallas, for ap-
pellants.

Phillips, Brown & Morris, of Fort Worth,
for appellees.

CONNER, C. J. This suit was brought by
Mabel Jeanette Wilbanks, joined pro forma
by her husband, J. F. Wilbanks, against Nick
Vratis and his wife, Christina Vratis, and
John Kastoleas, to cancel a deed conveying a
one-half interest in a lot situated in Fort
Worth, Tex., executed by Peter Chokas and
his wife, Mabel Jeanette Chokas, on the 5th
day of June, 1916.

The pleadings and evidence show without
dispute that Nick Vratis owned the lot in con-
troversy, and on November 13, 1914, conveyed
an undivided one-half interest therein to
Peter Chokas. On April 29, 1916, the plain-
tiff Mabel Jeanette and Peter Chokas were
duly married. On June 5, 1916, Peter Cho-
kas, joined by his wife, Mabel Jeanette Cho-
kas, conveyed to John Kastoleas the undivid-
ed one-half interest that had been acquired
from Nick Vratis, as above stated. This
deed, by its terms, conveyed all right and ti-
tle to the interest theretofore existing in Pe-
ter Chokas. On July 1, 1918, Peter Chokas
was shot and killed by his wife, Mabel Jean-
ette Chokas, who, having been acquitted, lat-
er intermarried with J. F. Wilbanks, one of
the plaintiffs. Thereafter, to wit, on Febru-
ary 8, 1923, John Kastoleas conveyed to the
defendant Mrs. Christina Vratis the interest
in the lot in controversy conveyed to him by
Peter Chokas and wife, as above stated. The
plaintiffs sought to set aside the deed from
Peter Chokas and wife to John Kastoleas, on
the theory that no consideration had been
paid therefor, and that John Kastoleas mere-
ly held that title in trust for Peter Chokas, of
which the defendants Nick Vratis and wife
had full notice. The defendants claim the
one-half interest in the lot in controversy, un-
der the deed from John Kastoleas, as pur-

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

chasers for a valuable consideration and without notice of the alleged trust.

The trial, which was before the court without a jury, resulted in a judgment for the plaintiffs, and the defendants have appealed.

Appellants present some 28 assignments of error, urging objections to rulings of the court in the admission of evidence offered by the plaintiffs and in rejecting evidence offered by the defendants relating to the issue of no consideration for the John Kastoleas deed, and to declarations of John Kastoleas, the administrator of the estate of Peter Chokas and others, tending to show that John Kastoleas never claimed title under the Peter Chokas deed, and to the evidence offered by the defendants in support of their plea of purchase from John Kastoleas for a valuable consideration without notice of a defect in his title, etc. The judgment is also objected to on the ground, substantially, that the proof fails to show that John Kastoleas gave nothing for his deed.

[1] Our consideration of the case, however, has led us to the conclusion that much of the matter in the briefs and arguments of counsel and in the conclusions of the trial court are immaterial. In addition to the undisputed facts hereinbefore stated, it appears, presumptively, that Peter Chokas died intestate, and further that the plaintiffs in their petition attacking the deed from Peter Chokas and wife to John Kastoleas allege that said deed "was made for the purpose of preventing the sale of same for the purpose of paying a then existing indebtedness against the said Peter Chokas, and that the defendant John Kastoleas knew, understood, and agreed, at the time said deed was executed, that he was not in fact and in truth receiving any title to the property therein described, and that he was not paying any consideration therefor, but that the deed was made to him, and he was holding the papers of record title thereto, solely as an accommodation to the said Peter Chokas."

From the testimony of the plaintiff Mabel Jeanette Wilbanks, we quote the following given by her in support of the plaintiffs' plea that there was no consideration for the deed from Peter Chokas and wife to John Kastoleas, to wit:

"I remember the execution of the deed by Peter Chokas and I to John Kastoleas, dated June 5, 1916. John Kastoleas never at any time or anywhere paid to me any money or any other thing of value for that deed, or the property therein. I do not know of my own knowledge if John Kastoleas paid to Peter Chokas any consideration. I have had a conversation with John Kastoleas after Peter Chokas' death. Before January 29, 1923, the date shown on deed from John Kastoleas with reference to this deed and property. He came out to my house. I don't know when it was, with reference to how long before this suit was filed. It was about a year after Mr. Chokas' death that he came out to my house. He come out to my residence, to my house. He brought the deed and gave it to me. That was the deed to this property over here. He came in the house and talked to me and gave me the deed. That was the deed Mr. Chokas made over to him of this property, and he said he didn't want it and said, 'You know he made the deed out on account of not paying his debts.'"

It was said by the Court of Civil Appeals at Galveston, in the case of Scarborough v. Blount, 154 S. W. 312, quoting from the headnote, that:

"Where a person conveys land by a deed absolute on its face and without consideration, in fraud of his creditors, although with an understanding that the land is only to be held in trust, neither he nor his heirs can enforce the trust against the grantee or a purchaser from the grantee with notice of the fraud; such conveyances being subject to impeachment only by subsequent creditors and purchasers without notice."

The case of Scarborough v. Blount, as well as others of like import, was cited with approval in the case of Hughes v. Hughes, 221 S. W. 970, by Section A of our Commission of Appeals. The opinion of the Commission was approved by our Supreme Court, and it was therein distinctly held that where land is conveyed to defraud, hinder, and delay creditors, as appears in the case before us, the heirs and representatives of the grantor are in no better position to recover than the grantor himself. See, also, Rogers v. Rogers, by the San Antonio Court of Civil Appeals, 230 S. W. 489; Roth v. Schroeter (Tex. Civ. App.) 129 S. W. 203.

John Kastoleas did not appear upon the trial, the evidence tending to show that he had abandoned the country through fear. Peter Chokas being dead and John Kastoleas being absent, it cannot be said to be clear from the evidence of Mrs. Wilbanks, above noted, that the deed from Peter Chokas and wife to John Kastoleas was without consideration. But whether so or not, as before stated, the evidence is without dispute that the deed was made for the fraudulent purpose of hindering and delaying the creditors of Peter Chokas, and the plaintiffs, only showing right to claim as heirs of Peter Chokas, are in no position, under the line of authorities above cited, to set aside the deeds to and from John Kastoleas.

It is accordingly ordered that the judgment below be reversed and here rendered for appellants.

On Motion for Rehearing.

[2] It is insisted that the fraudulent purpose in executing the deed by Chokas and wife to Kastoleas was not made an issue or sought to be established as a defense by the defendants in the court below, and, hence, that we erred in so ruling, particularly in

view of the fact that the trial court made no finding on the issue and that there is evidence from which a contrary finding might be inferred.

But, as pointed out in our original opinion, the plaintiffs distinctly alleged that the purpose in the execution of the deed by Chokas and wife was to prevent the sale of the property to pay a "then existing indebtedness." No other purpose was disclosed by pleading or proof, and Mrs. Wilbanks (née Chokas) herself introduced in evidence Kastoleas' statement that "you (Mrs. Wilbanks) know he (Peter Chokas) made the deed out on account of not paying his debts." Mrs. Wilbanks while testifying did not deny the fact alleged in her petition and stated to her by Kastoleas, or deny that she knew such to be the fact.

This being the state of the record, we did not and do not conceive it to be our duty to search the statement of facts for circumstances which may inferentially tend to rebut the fraud referred to, and because thereof remand the case for determination of the issue.

Motion overruled.