## KEATON v. LITTLE et al.*

Circuit Court of Appeals, Tenth Circuit.
September 2, 1929.

No. 51.

For former opinion, see 31 F.(2d) 742.

Robert B. Keenan, of Tulsa, Okl., for appellant.

Frank T. McCoy, of Pawhuska, Okl. (John T. Craig, of Pawhuska, Okl., on the brief), for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge. A rehearing was granted in this cause by the

*Rehearing denied October 14, 1929.

Circuit Court of Appeals of the Eight Circuit. By the same order, the former decree [Dykes v. Little, 31 F.(2d) 742] and the submission of the cause were vacated, and it was transferred to this court. Thereafter appellant moved it be transferred back to the Eighth Circuit, on the ground that jurisdiction remained there, under the Act of February 28, 1929 (28 USCA § 213 note), which divided that circuit. The motion was denied and the cause was retained, argued, and submitted on rehearing. The 'reasons for this action may be briefly stated.

The division act, supra, by its terms effective 30 days after enactment, provides that if there had then been any hearing in a case, or it had been submitted for decision, the further proceedings should be had as if the act had not been passed, but if there had not been such hearing or submission, it should be transferred to this court, where it would have gone had the act been in full force and effect.

There had been a hearing, submission, and decision in this case, and the act, if taken literally, did not authorize the transfer. But we interpreted it to mean that cases were to be transferred here which arose in and naturally belong to the territory of this circuit, unless there was some matter pending for disposition, due to hearing or submission. As this appeal came from Oklahoma, and the status of the case was precisely the same as if it had been merely filed and no further step taken in it, our view, in accord with that of the court in the Eighth Circuit, was that the case was transferable; and we so ruled in denying the motion, as above stated.

■ The chief ground upon which the rehearing was granted was the holding in the original opinion that the bill could not be maintained in the absence of the grantor, or his representative, as a party defendant. Dykes v. Little (C. C. A.) 31 F.(2d) 742. On reconsideration, we conclude the true rule applicable to this case had been announced by the Circuit Court of Appeals for the Eighth Circuit, in an opinion not cited by either party. We refer to the case of Allan v. Moline Plow Co. (C. C. A.) 14 F.(2d) 912, which holds that where, in a suit to set aside a fraudulent conveyance, the grantor retains no interest in the property, he is not an indispensable party, as his title has irrevocably passed, he cannot be prejudiced by a decree of sale and the proceeds not appropriated belong to the grantee. We therefore hold in this case that it may well proceed against Mary E. Little, the grantee, and it is immaterial that on her motion she was dismissed in her capacity as executrix of her grantor, G. R.

Little. Nevertheless, counsel for the appellee insists the dismissal of the bill was required on other grounds.

■ It is contended this suit was barred by laches, as it was commenced on October 1, 1926, more than two years after the date of the alleged transfer of the property, on December 14, 1923, and it was unaffected by the fact that meantime, on January 27, 1926, judgment was rendered on the bank's demand against G. R. Little. A persuasive argument is thought by counsel to be that as the suit was barred by the state limitation of two years before the receiver was appointed for the bank, it ought not to be held maintainable in the federal court thereafter, merely because of that appointment. It is true the suit might have been brought in a state court within the two years without obtaining a judgment, but the limitation is not operative until judgment is rendered, and the suit was therefore not barred when the receiver was appointed. It was so decided under the Oklahoma Code. Adams v. Wallace, 94 Okl. 73, 220 P. 872; Ziska v. Ziska, 20 Okl. 634, 95 P. 254, 23 L. R. A. (N. S.) 1. The suit was brought in less than nine months after the date of the judgment, and no facts appear to sustain the defense of laches.

The failure to present a claim against the estate of G. R. Little is again urged as fatal to this suit. We regard the former holding sound, that this was not a step necessary to the suit, as the receiver had fastened a lien on the property in advance by this suit and process, and was therefore entitled to enforce the lien, regardless of the nonpresentation of a claim against the estate. Appellant has no claim against the estate. And the estate is not concerned in the property, because of the previous transfer by the decedent to Mary E. Little and her right to the proceeds, if any, left after subjecting the property to the receiver's judgment. Allan v. Moline Plow Co., supra. And the executrix has elected to be released from the suit, without making any claim to the property or the proceeds of a sale.

■ The question is again presented that the bill should fail because it did not allege the existence of the bank's demand before the date of the transfer of the property by G. R. Little. This was a necessary averment in the bill. Burton v. Platter (C. C. A.) 53 F. 901; Anderson v. Hultberg (C. C. A.) 247 F. 273; Rauh v. Morris, 40 Okl. 288, 137 P. 1174. However, appellant renews his request for leave to amend the bill in that respect and insists that it be allowed, or in the alternative, the proper order should be for a dismissal

without prejudice, instead of an affirmance of the unqualified dismissal by the trial court, as directed in the former opinion. Ordinarily, such dismissal should be directed, where a plaintiff has elected to stand on his bill. Security Savings Association v. Buchanan (C. C. A.) 66 F. 799; Investors' Guaranty Corporation v. Luikart (C. C. A.) 5 F.(2d) 793. But we conclude the amendment should be allowed, for certain reasons. Inferentially, the bill may be said to aver the bank's demand had accrued before the date of the alleged fraudulent transfer, in stating that the transfer was made with the intent to remove the property from the record ownership of G. R. Little and to defeat the collection of the judgment, and that at the time of the transfer and when the suit was commenced he did not have any property left subject to execution to pay his debts, and by making demand for payment of the judgment with interest from March 12, 1923, more than nine months before the transfer. These allegations while defective and, as heretofore ruled, insufficient are deemed to be a proper subject of amendment, specifying that the demand antedated the transfer. And we think it just to direct the amendment instead of a dismissal of the suit with the additional costs to follow, because of the exceptional fact that counsel for the appellee conceded at the argument that this objection to the bill was not raised before the trial court, and as counsel for the appellant assures us if it had been, he would have amended the bill to meet the objection. This court might allow the amendment, but it is the practice to remit the matter to the District Court. Norton v. Larney, 266 U. S. 511, 45 S. Ct. 145, 69 L. Ed. 413. That course should be adopted in this case.

In opposition to the amendment, it is said not to be allowable under the rule that it is too late to so amend a pleading as to state a cause of action, after it is barred by statute. We may assume, without deciding, the statutes of limitation apply to this equity suit by analogy. But the authorities cited are found only to go so far as to hold that if the proposed amendment can be regarded as the commencement of an action, it should not be allowed after the bar has fallen. The rule has application to the introduction of new matter in a pleading and not to the amendment of defective allegations. Taylor Co. v. Anderson, 275 U. S. 431, 48 S. Ct. 144, 72 L. Ed. 354; Murray v. McGehee, 121 Okl. 248, 249 P. 700; 37 C. J. 516. This case is one where the allegations are not wholly absent, but are defective and are sought to be made more definite. The rule invoked is therefore inapplicable in this case.

Another ground taken to sustain the dismissal of the bill is that under the state law, the receiver had an adequate remedy at law as he might have levied on and sold the property under execution. Maxwell v. Gillespey, 116 Okl. 68, 243 P. 497. Assuming this course was open, it was certainly insufficient to meet the test that a remedy at law in order to deprive a federal court of its equity jurisdiction must be as certain, complete, prompt, and efficient to attain the ends of justice as the remedy in equity. Castle Creek Water Co. v. Aspen (C. C. A.) 146 F. 8; Farwell v. Colonial Trust Co. (C. C. A.) 147 F. 480. The outstanding transfer of the property in dispute would undoubtedly cause a sale on execution to yield much less return than it would with that transfer out of the way. A sale in that situation would fall short of an adequate remedy.

No other questions appeal to us as requiring special notice. Our conclusion as to the disposition of this appeal is, and it is ordered, that the decree of the District Court be reversed, and the cause be remanded to that court, with direction to allow the appellant the privilege of amending his bill within a reasonable time and to proceed in the cause consistently with this opinion. All costs on appeal are taxed to the appellant.

Reversed.