### KEENE et al. v. HALE-HALSELL CO. et al.

No. 9426.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1940.

On Motion for Rehearing Jan. 14, 1941.

On Rehearing March 14, 1941.

R. T. Lipscomb, of Bonham, Tex., for appellants.

W. E. Utterback, of Durant, Okl., and O. D. McReynolds, of Sherman, Tex., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

The petition was filed in the District Court against B. A. Keene, a son of J. T. Keene, and against the widow and other members of·the family of J. T. Keene, to establish a large debt claimed against J. T. Keene and to cancel as in fraud of creditors deeds of J. T. Keene to B. A. Keene and other defendants, and to administer the lands to all creditors entitled to participate. J. T. Keene's estate was alleged to be insolvent, but the fraud alleged was not that the deeds were the voluntary conveyances of an insolvent, but that they were executed with intent to hinder, delay and defraud the creditors. Another creditor, Acme Flour Mills Company, joined the suit by intervention. The widow, who was an original defendant, became pending the suit the permanent administrator of J. T. Keene's estate, but was not made formally a party as such.

The findings of fact made by the district judge are not controverted. They established as bona fide certain of the deeds; and found that certain other deeds made to B. A. Keene "were executed by J. T. Keene and his wife for the purpose of hindering and delaying the creditors of said J. T. Keene and placing said property beyond the reach of creditors, and did hinder and delay plaintiff and intervenor in collecting the indebtedness owing to them respectively." It was also found that the latter deeds were executed "without consideration deemed valuable in law and for the purpose of partitioning and dividing said land among the children and grandchildren of said J. T. Keene." There were a number of deeds thus held void as to creditors, all made to B. A. Keene in fee simple but each reserving a vendor's lien to secure a substantial sum of purchase money represented by promissory notes payable three years later to J. T. Keene. B. A. Keene afterwards made conveyances to the other members of the family in which each taker of land assumed his proportionate part of the purchase money notes. These notes, aggregating over $20,000, were in the hands of the administrator, and were inventoried as assets .of J. T. Keene's estate. The decree entered, besides establishing the debts of petitioner and intervenor and declaring the deeds above referred to void as to creditors, and appointing a master to sell the lands, cancelled and set aside both the deeds and the purchase money notes, adjudged that any excess in the sale price over the debts should be paid to the grantees in the deeds, after plaintiff and intervenor should be compensated for attorney's fees and expenses for the institution and prosecution of this suit as determined by future orders of the court. The appeal is from that part of the decree which cancels the deeds and notes and provides for the sale

of the lands and distribution of the proceeds.

The contention that there is not diversity of citizenship to support federal jurisdiction is without merit. The petitioner is a corporation of Oklahoma and the intervenor a corporation of Kansas. All the defendants are citizens of Texas save one, and he is a citizen of California. No defendant has the same citizenship as any plaintiff.

A more substantial contention is that the deeds and vendor's lien notes could not be cancelled without the estate of J. T. Keene being impleaded through its administrator. The deeds were not simple conveyances divesting J. T. Keene of all interest in the lands. He retained the superior title securing $20,000 of notes. These notes have been charged to the administrator and her surety as assets of the estate. The estate cannot be deprived of them without a hearing. Those who owe the notes and who objected to the defect of parties cannot be safe against suit unless the estate is bound by this decree of cancellation. It was error to cancel the notes and vendor's lien without making the estate a party. See Dial v. Martin, Tex.Civ.App., 37 S.W.2d 166, 185, citing 21 C.J., p. 258; 9 C.J., pp. 1225, 1227; 12 C.J.S., Cancellation of Instruments, §§ 52, 53, 54; 47 C.J., p. 91; 4 R.C.L., p. 517.

It is suggested that without amendment Mrs. Keene should be considered a party in her representative capacity. We do not think so. She had a personal connection with the transaction which she was called on to defend. That would not call upon her to defend the estate also. She was not administrator when the bill was filed.

The statute of Texas makes void a deed or other contract made to hinder, delay or defraud creditors, but only as to creditors. It stands good as between the parties. Vernon's Civil Stats. of Texas, Art. 3996. The creditors may disregard it entirely and proceed by execution and levy or garnishment. *27 C.J., p. 702;* Quarles v. Hardin, Tex.Civ.App., 197 S.W. 1112. They do not need to cancel anything. If they do not undertake to cancel, they need not make their debtor a party. Although where there are purchase money notes out, as here, to sell the land may cause a failure of the consideration of the notes and give rise to complications, that is no concern of the creditors who are entitled to disregard the deed which is void as to them. The decree therefore may stand in so far as it establishes the debts as against the grantees and directs sale of the lands, but that portion which annuls and cancels the deeds and notes must be and is eliminated.

We may add that if the land brings no more than the debts established and expenses of sale, the court might award to the petitioner attorney's fees and other expenses out of the creditors' fund; but if there is an excess, it is not subject to be thus reduced, any more than if the debts had been collected by ordinary proceedings. The award of attorney's fees and expenses to a petitioner who sues for and benefits others is in order to distribute this burden among them, and is to be made out of what belongs to them.

The decree is modified as above indicated and as modified is affirmed, but with costs to the appellants.

### On Motion for Rehearing.

PER CURIAM.

Ordered that a rehearing be granted on the following questions only:

Can Hale-Halsell Company and Acme Flour Mills Company establish their debts and sell lands conveyed by their debtor J. T. Keene in fraud of creditors without presenting their debts to the Administrator of J. T. Keene and without making the Administrator a party, there being other creditors and the estate insolvent? Can the two named creditors establish their debts and sell and administer the lands without making the Administrator a party, when to do so will destroy the value of a substantial interest in the lands which was retained by J. T. Keene, which interest is charged to his Administrator as assets to be administered in the probate court?

Briefs on these questions may be filed not later than February 15, 1941.

### On Rehearing.

SIBLEY, Circuit Judge.

We granted a rehearing to reconsider whether the decree can be upheld at all, since the administratrix of J. T. Keene was not made a party.

The cases are in conflict as to whether in a suit by creditors to set aside a

conveyance fraudulent as to them and to administer the property conveyed, the debtor or his personal representative is a necessary party when the debtor has finally parted with all interest in the property conveyed and is under no liability to the grantee should the latter lose it. By the better opinion, since the debtor in such a case has no interest if the conveyance is upheld, and will acquire none if it be set aside as to creditors because it is still good as to him and those claiming under him and they cannot even have an overplus, he will not be affected by the judgment and there is no necessity to have him or his representatives before the court. 24 Am.Jur., Fraudulent Conveyances, § 205; Allan v. Moline Plow Co., 8 Cir., 14 F.2d 912; Keaton v. Little, 10 Cir., 34 F.2d 396. But in the present case Keene in making the attacked conveyances did not part with all his interest in the property conveyed, but retained a vendor's lien to secure the payment of $20,000 of purchase money notes. These have been inventoried as assets of his estate and charged as such against his administratrix. If the conveyances are sustained, the notes stand good and she may collect them. But if the conveyances are held fraudulent the notes also may be void. Hughes v. Hughes, Tex. Com.App., 221 S.W. 970. This decree ordering sale of the land with no provision for paying the notes would certainly prejudice them. We have concluded that it cannot be done without affording the administratrix a hearing, and that this part of the decree must be reversed.

We do not order a dismissal of the suit because that is not the prime remedy for a failure to join a party; but opportunity should and will be given to bring in the administratrix by amendment. It appears that she is accessible and her citizenship such as not to defeat federal jurisdiction.

Nor will the suit then be defeated by the decisions in Scott v. Neely, 140 U.S. 106, 11 S.Ct. 712, 35 L.Ed. 358; Cates v. Allen, 149 U.S. 451, 13 S.Ct. 883, 37 L.Ed. 804; and White v. Croker, 5 Cir., 13 F.2d 321. They hold that there is not jurisdiction in equity in a federal court to set aside conveyances made in fraud of creditors and to administer the property conveyed, at the instance of simple contract creditors without judgment or other lien. The reasons there given for dismissing the bill, or remanding it, were that the existence and amount of the debt made a law issue, and a

jury trial of it could not be afforded the debtor in equity; and that the creditors had not exhausted their remedies at law. These reasons will not be good in this case if they be urged by the administratrix, for the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, will now apply, and under them all remedies, legal and equitable, are available, and a jury trial of issues that constitute a case at common law in the meaning of the Constitution may easily be separately had. Rules 38 and 42. We do not foresee any insuperable obstacle to a final settlement of the whole controversy in this suit.

The part of the decree not appealed from does not adversely affect the administratrix and may stand. As to the part appealed from, the judgment is reversed and the cause remanded for further proceedings not inconsistent with our former opinion as modified by this one.

Reversed and remanded.