Lucinda MITCHELL, Appellant,

v.

Jessie Lee PORTER, Appellee.

No. 13790.

Court of Civil Appeals of Texas.

Houston.

Sept. 14, 1961.

Rehearing Denied Oct. 12, 1961.

Gordon O. McGehee, Houston, and Wm. N. Bonner, Houston, of counsel, for appellant.

Leonard Stolaroff, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from the trial court's judgment awarding appellee certain funds deposited in court by stakeholders. The case was tried to a jury. The trial court determined that the answers returned by the jury to two of the special issues submitted were supported by no evidence and entered judgment based on the answers to the other issues.

Since appellant filed no motion for new trial, she may complain here only of the action of the court in granting appellee's motion for judgment notwithstanding the

verdict. Wagner v. Foster et al., Tex., 341 S.W.2d 887; Miller v. Miller, Tex.Civ. App., 274 S.W.2d 762, writ ref.

The jury, by its answers to special issues 4 and 5, found that Johnnie Mitchell, deceased, made a gift of the proceeds of a certain insurance policy and trust fund to appellant. In Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, 209, the court said:

"In ordinary civil cases trial courts and Courts of Civil Appeals may set aside jury verdicts and grant new trials when, in their opinion, those findings, though based upon some evidence, are against the great weight and preponderance of the evidence, but they may not render judgment contrary to such findings. In those cases in which the 'clear and convincing' rule is applicable if, in the opinion of the trial judge, the evidence in support of the verdict does not meet the test of that rule, he may set it aside and order a new trial; but he should not render judgment contrary thereto."

It follows that if there was any evidence of probative force to support the answers of the jury, the court erred in disregarding the answers, even though the evidence may not have been clear, convincing and unambiguous. Miller v. Miller, supra.

The testimony shows that Mitchell named appellant beneficiary of a term life insurance policy on his life and that he gave the policy to her "to put up." Thereafter, in accordance with the applicable provisions of the policy, he designated appellee beneficiary. Appellant further testified that she and Mitchell were living together in a home owned by them jointly and that he kept all of his belongings there and that she had found the insurance certificate in his personal effects. There was no evidence pertaining to appellant's claim to the proceeds of the trust fund other than the certificate introduced by appellant showing that she was named as beneficiary. The trust instrument provided that beneficiaries

could be changed and the evidence shows that Mitchell properly changed the beneficiary from appellant to appellee. The court did not err in disregarding the answers of the jury to special issues numbers 4 and 5.

Appellant contends that appellee had no insurable interest in the life of Mitchell, for which reason the designation of appellee as beneficiary was ineffective. This contention is without merit. Insurance Code of Texas, Art. 3.49–1, § 2, V.A.T.S.

Appellant's further contention that the change of beneficiary was invalid in that such change violated the Fraudulent Conveyance Statutes (Arts. 3996, 3997, Vernon's Ann.Texas Civil Statutes) is without merit. There is no showing that at the time appellee was designated as beneficiary Mitchell was insolvent or owed any debts. Neither does it appear that Mitchell is indebted to appellant. Johnson v. Ewing, Tex.Civ.App., 276 S.W. 784; De Garca v. Galvan, 55 Tex. 53; Vratis v. Wilbanks, Tex.Civ.App., 287 S.W. 666.

Appellant asserts that the designation of appellee as beneficiary of the insurance policy and trust fund was void or ineffective for want of acceptance prior to the death of Mitchell. Appellee testified that she did not know she had been named beneficiary until after Mitchell's death. By asserting her claim in this suit, appellee has signified her acceptance of the benefits accruing to her. It was not necessary that she accept before the death of Mitchell. 12 Amer.Jur., Contracts, § 288, p. 841.

While appellant alleges that the public policy of the State of Texas would not permit appellee to be made beneficiary of the insurance policy or the trust fund, she cites no cases to support her position, and we know of none. This contention appears to be contrary to the policy of this State as set out in the Insurance Code of Texas, supra.

The judgment of the Trial Court is affirmed.