33 F.3d 63
 74 A.F.T.R.2d 94-6212
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 United States of America, Plaintiff-Appellee,
v.
A. Rowland BOUCHER, Defendant-Appellant,
and
Nary K. BOUCHER; Stanley B. HALLMAN, Trustee; Pamela
BOUCHER, Ericsson BOUCHER; Denise BOUCHER; Andrea BOUCHER;
Pamela A. BOUCHER Trust; Ericsson P. BOUCHER Trust;
Denisa A. BOUCHER Trust; Andrea A. BOUCHER Trust, Defendants.
 No. 93-1453.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 19, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant-appellant A. Rowland Boucher appeals the district court's judgment in favor of the United States establishing his tax liability, setting aside fraudulent conveyances, and ordering the sale of Mr. Boucher's property to satisfy tax liens. Because Mr. Boucher was given an opportunity to participate in the underlying trial and has not shown that he was prejudiced by any irregularity in the proceeding, we affirm.
 
 
 4
 In 1985, the United States brought suit against Mr. Boucher and his ex-wife, Mary Boucher, seeking to reduce to judgment tax assessments against them totalling over a million dollars, including interest and penalties, and to foreclose federal tax liens on the Bouchers' property. The complaint was amended in 1987 to include a claim to set aside as fraudulent certain conveyances of property in 1976, including an option to purchase the Bouchers' home, to trusts set up for the Boucher children. This claim was brought against the four Boucher children, their trusts, and the trustee administering the trusts.
 
 
 5
 Since the case began, the United States and the defendants have conducted settlement negotiations. Trial dates have been set and vacated on several occasions, and the court was informed numerous times that settlement had been reached, and that the parties were simply awaiting execution of the final documents. See, e.g., Docket Sheet, R. I; United States' Motion to Alter and Amend the Court's Order of Dismissal and attached exhibits, R. II.
 
 
 6
 On August 5, 1993, the court once again set the case for trial, to commence on September 23, 1993, and to continue for one hour daily until completed. On September 21, 1993, the court was again informed that the parties had reached a settlement, and that the only issue to be tried was Mary Boucher's innocent spouse defense. The court sent an order to all parties stating that "The government and defense counsel have advised this court ... that this case has been settled in all respects save one and that only one day of trial will be needed to try that one defendant's case." R. I, doc. 79. The court set the case for a one-day trial on October 4, 1993, stating that "absolutely no variance of this order will be permitted for any reason." Id. No objection to this order was filed by Mr. Boucher.
 
 
 7
 On the morning of October 4, the court reiterated its understanding that all defendants had settled except for Mary Boucher, whose defense was set for trial that day. Mr. Boucher then responded "Your Honor, that's not so. I'm Mr. Boucher, and I have not settled; the reason, Your Honor, being that counsel believes--Neil Goff has helped me with this--that there are issues that could arise out of this hearing that would impact the settlement agreement." Supp. R. I at 2.
 
 
 8
 The court responded that if the case had not been settled, the trial of all issues would begin immediately. Id. Mr. Boucher did not object to this statement or indicate in any way that he was unable to proceed. After Mary Boucher's attorney completed her opening statement, the court asked whether there were "any other opening statements to be made by any of the other defendants in the action." Id. at 7. Not receiving any response, the court directed the government to proceed.
 
 
 9
 Mary Boucher and the government put on their cases. Mr. Boucher was called as a defense witness and testified as to the years in question. Mr. Boucher never requested an opportunity to present witnesses or evidence of any kind. At the end of the trial, the district court held that Mary Boucher had not established that she was an "innocent spouse" as that term is defined in the tax code. The court then determined the Bouchers' tax liability for tax years 1967, 1969, 1970, 1975, 1976, 1977, and 1979; set aside as fraudulent the conveyances to the Bouchers' children's trusts; ordered turnover of any proceeds resulting from the sale of such property; approved tax liens against the Boucher's property; and ordered satisfaction of the liens through sale of their property and any property transferred to their children's trusts.
 
 
 10
 Mr. Boucher filed a motion to vacate the judgment, arguing for the first time that he did not anticipate having to present his case on October 4, and that he was not given an opportunity to participate or have counsel present. The motion was denied, and this appeal followed.
 
 
 11
 We examine first whether we have jurisdiction over the appeal, and if so, which of the parties are appellants before us. The judgment in this case was entered on November 4, 1993. On November 12, Mr. Boucher filed his notice of appeal. On the same day, he filed a motion to vacate the judgment. The motion to vacate was denied on November 15, 1993. No new notice of appeal was filed after this determination. Thus, under the rules of appellate procedure in effect at the time, the notice of appeal did not operate to give this court jurisdiction over the case. See Fed. R.App. P. 4(a)(4) (prior to December 1, 1993, the rule provided that "A notice of appeal filed before the disposition of [post-trial motions] shall have no effect.").
 
 
 12
 Within sixty days after his post-trial motion was determined, however, Mr. Boucher filed his opening brief. The United States Supreme Court has held that an opening brief can serve as an informal notice of appeal if it provides the information required by Fed. R.App. P. 3(c). Smith v. Barry, 112 S.Ct. 678, 681-82 (1992). Rule 3(c), in turn, requires that the notice of appeal "specify the party or parties taking the appeal; ... designate the judgment, order, or part thereof appealed from; and ... name the court to which the appeal is taken." Fed. R.App. P. 3(c). Here, Mr. Boucher's opening brief specified A. Rowland Boucher as the defendant-appellant, named the Tenth Circuit as the court to which the appeal is taken, and, by identifying the errors allegedly committed by the trial court, designated the judgment from which the appeal was taken. Therefore, the requirements of Rule 3(c) were met and we have jurisdiction over this appeal.
 
 
 13
 The only party designated by the informal notice of appeal was Mr. Boucher. Although he tried to add his children as appellants through a document named "Jurisdictional Defect," the document cannot operate to add additional appellants. "The failure to name a party in a notice of appeal is more than excusable 'informality'; it constitutes a failure of that party to appeal." Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988). We cannot treat the "Jurisdictional Defect" document as an informal notice of appeal because it fails completely to identify the judgment from which the appeal is taken. Mr. Boucher, therefore, is the sole appellant in this case.
 
 
 14
 Mr. Boucher argues that the trial court's action of trying the case on October 4 denied him due process because he did not have notice or an opportunity to be heard with counsel present. He claims to have been surprised by the district court's decision to try all the issues and that he was, therefore, unprepared to meet the evidence against him. We review de novo due process claims of inadequate notice and an inability to be heard. See Campbell v. Bartlett, 975 F.2d 1569, 1574 (10th Cir.1992); Facet Enters., Inc. v. NLRB, 907 F.2d 963, 970 (10th Cir.1990).
 
 
 15
 A party's right to due process may be violated when he is led to believe that a hearing will encompass only a particular issue and another issue is finally determined in the proceeding. See Valley Line Co. v. Ryan, 771 F.2d 366, 374 (8th Cir.1985). Here, however, Mr. Boucher knew that the case was set for trial on October 4, and that the only reason the liability, fraudulent conveyance, and enforcement issues would not be tried was that they purportedly had been settled. He also knew that the court's order stated there would be no variance from the date set, and that the court had, at least once before, ordered that if settlement documents were not submitted, the case would proceed to trial immediately or would be dismissed. See Docket Sheet, entry 48, R. I. Based on the posture and history of the case, Mr. Boucher had at least constructive notice that his rejection of the settlement, for a completely new reason, would resurrect the previously scheduled issues.
 
 
 16
 Even assuming that Mr. Boucher was not adequately apprised of the consequences of his eleventh hour rejection of the settlement, it is clear that he waived any such defect. Due process rights to notice and a hearing may be waived. D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 185 (1972); Boddie v. Connecticut, 401 U.S. 371, 378-79 (1971). A party who is present at a hearing in which a new issue is raised but does not object, ask for a continuance, or attempt to dispute the issue in any way, waives the due process violation. See Oyler v. Boles, 368 U.S. 448, 453-54 (1962). Here Mr. Boucher never objected, asked for a continuance, or raised his inability to proceed, when the court announced that all issues would be tried on October 4. The question of proper notice, therefore, was waived.
 
 
 17
 We hold also that Mr. Boucher was not denied an opportunity to be heard or to have counsel present. Mr. Boucher was offered the opportunity to participate in the hearing when the district court asked him whether he wished to make an opening statement. As Mr. Boucher never informed the court that he wanted to participate or have counsel present, we fail to see how the court deprived him of these rights.
 
 
 18
 Even assuming that Mr. Boucher was deprived of a meaningful opportunity to present his defense, he has not demonstrated that he suffered any prejudice as a result. See, e.g., Black v. O'Haver, 567 F.2d 361, 371 (10th Cir.1977)(lack of transcript did not deprive litigant of due process absent showing of prejudice), cert. denied, 435 U.S. 969 (1978). Mr. Boucher has not argued that the tax assessments were incorrect, that the liens were invalid, or that his tax liability should not be satisfied through sale of his property. On appeal, Mr. Boucher argues only that he was unable to present evidence relating to the alleged fraudulent conveyances to his children's trusts, setting forth the facts he would have proven if given the opportunity to do so. We conclude that Mr. Boucher's inability to present such evidence did not amount to a due process violation for the simple reason that he was not deprived of any property when the conveyances were set aside as fraudulent.
 
 
 19
 To be entitled to due process of law, Mr. Boucher must show that he possessed a property right in the assets that were conveyed. See Aacen v. San Juan County Sheriff's Dep't, 944 F.2d 691, 694 (10th Cir.1991). As of October 4, 1993, however, Mr. Boucher had given away any interest he had in the property by conveying it to his children's trusts. "[I]n a suit to set aside a fraudulent conveyance, the grantor retains no interest in the property, ... as his title has irrevocably passed, he cannot be prejudiced by a decree of sale and the proceeds not appropriated belong to the grantee." Keaton v. Little, 34 F.2d 396, 397 (10th Cir.1929)(adopting rationale set out in Allan v. Moline Plow Co., 14 F.2d 912, 915 (8th Cir.1926)). Because Mr. Boucher did not have a property interest in the conveyed assets, he had no right to notice and an opportunity to be heard before the conveyances were set aside. As he has not alleged an inability to present evidence on any other issue, Mr. Boucher has not demonstrated that he was prejudiced by the district court's action.
 
 
 20
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation